741 P.2d 366

**Craig A. NALEN and Katherine A. Nalen, husband and wife, Plaintiffs-Appellants,**

v.

**Edward W. JENKINS, d/b/a American Homes, Defendant-Respondent.**

No. 16646.

Court of Appeals of Idaho.

July 29, 1987.

Richard H. Greener of Clemons, Cosho & Humphrey, Boise, for plaintiffs-appellants.

Jeffrey R. Christenson of Ringert, Clark, Harrington, Reid, Christenson & Kaufman, Boise, for defendant-respondent.

**SWANSTROM, Judge.**

This appeal arises from an award of attorney fees under § 48-608(3) of the Idaho Consumer Protection Act. Craig and Katherine Nalen, the appellants, contend that the award was unreasonably small. The sole issue is whether the trial court properly exercised its discretion in calculating the amount awarded. For reasons explained below, we vacate the award and remand the case.

A review of the facts and proceedings is in order. Craig and Katherine Nalen contracted with Edward Jenkins, doing business as American Homes, for the purchase and construction of a log home. The Nalens advanced a sum of money to Jenkins in accordance with the parties' agreement. Sometime later the Nalens notified Jenkins of their intention to discontinue the purchase. The Nalens requested Jenkins to return their money less his out-of-pocket expenses. Jenkins returned over half of the advanced sum. When he refused to return any further amounts, this litigation followed.

The Nalens filed suit alleging a claim for relief based upon theories of violation of the Consumer Protection Act, fraud and unjust enrichment. Later they amended to add a claim for breach of contract. Jenkins counterclaimed under a breach of contract theory. The jury found for the Nalens upon their theories of unjust enrichment and violation of the Consumer Protection Act. The jury awarded the Nalens a sum representing eighty-five percent of the money retained by Jenkins. The district court later awarded prejudgment interest. The trial judge determined the Nalens to be the prevailing party for the purpose of awarding costs.

In determining whether attorney fees should be awarded, the trial judge considered the two theories upon which the Nalens prevailed. The judge concluded that under I.R.C.P. 54(e)(1) and I.C. § 12-121, the Nalens were not entitled to recover attorney fees on their theory of unjust enrichment. However, the judge found that under I.C. § 48-608(3) attorney fees were awardable for the Consumer Protection Act violation. Accordingly, the judge calculated the amount to be awarded under this theory only. Unable to discern the exact amount of time the Nalens' attorney spent on this single theory, the judge based his calculation on the amount of a normal contingency fee—one-third of the total amount recovered. In determining the total amount recovered, the judge did not include the amount of prejudgment interest awarded to the Nalens. Yet, having fig-

ured one-third of the jury's award, the judge further divided that sum in half in order to reflect recovery on one theory only. This final fractional amount was allowed as an award of attorney fees.

On appeal, the Nalens challenge only the trial judge's method of calculating the amount to be awarded. They contend that the judge focused too much on the singular theories and gave excessive weight to the contingent fee approach.

■ Preliminarily, we note that the trial judge properly applied I.R.C.P. 54(d)(1)(B) in determining which party prevailed. That finding is not challenged here. We now turn to the present issue. In the recent case of *Associates Northwest, Inc. v. Beets*, 112 Idaho 603, 733 P.2d 824 (Ct. App.1987)—decided after briefing and oral argument in this appeal—we outlined the appellate court's multi-tiered inquiry when reviewing the exercise of trial court discretion. We reiterate that standard here. The sequence of the inquiry is (1) whether the lower court rightly perceived the issue as one of discretion; (2) whether the court acted within the outer boundaries of such discretion and consistently with any legal standards applicable to specific choices; and (3) whether the court reached its decision by an exercise of reason. *Standards of Appellate Review in State and Federal Courts*, § 3.4 IDAHO APPELLATE HANDBOOK (Idaho Law Foundation, Inc. 1985). Here, the *amount* to be awarded as attorney fees under I.C. § 48–608(3) was properly identified as a matter of discretion. *Decker v. Homeguard Systems*, 105 Idaho 158, 666 P.2d 1169 (Ct.App.1983); *see also, Craft Wall of Idaho v. Stonebraker*, 108 Idaho 704, 701 P.2d 324 (Ct.App.1985). The further question of whether the trial court's discretionary alternatives were governed by particular legal standards is answered affirmatively.

■ The first such standard is that, under modern pleading practice, the plaintiff may advance alternative theories relating to an alleged set of facts. *Associates Northwest, Inc. v. Beets, supra.* The trial court should not narrowly view each theory as an island of unique facts. Such restrictive characterization of theories misconstrues the practice of advancing multiple theories, which may only represent different ways to obtain one specific recovery—a single claim. Clearly, several theories may draw upon a common nucleus of facts which give rise to a single claim. Here, for example, the Nalens maintained four theories of recovery for a single claim against Jenkins. They also sought an additional claim for punitive damages. It is important to keep in mind the distinction between multiple "claims" and multiple "theories."

■ The second standard governing the exercise of discretion in this case is the proper application of the factors listed in I.R.C.P. 54(e)(3). These factors guide the trial court in fixing the amount to be awarded as reasonable attorney fees. Under Rule 54(e)(3) the trial court is required to consider the existence and applicability of each factor. No one element is to be given undue weight or emphasis. *Decker v. Homeguard Systems, supra.* The Nalens contend that the trial judge placed undue emphasis on the contingency fee arrangement between them and their attorney. The trial judge's two memorandum decisions on this issue indicate that he relied heavily upon the contingency fee arrangement. However, the judge expressly stated that he analyzed in detail and took into consideration all the factors under Rule 54(e)(3). The judge explained that his reliance on the contingency fee calculation was mandated by the inability to determine the basis and method of computation of the Nalens' attorney's fees. Certainly, a court is permitted to examine the reasonableness of the time and labor expended by the attorney and need not blindly accept the figures advanced by the attorney. *Craft Wall of Idaho v. Stonebraker, supra.* However, as explained below, we find that the trial judge erred in reasoning that the amount should be limited by a specific theory.

■ The final question on review is whether the trial court reached its decision by exercise of reason. As noted, the trial court reached its determination of the

amount of attorney fees by fractionating a typical contingency fee. The fractionating resulted from the judge's reasoning that applicable prevailing "theories" should govern the amount. We find that the trial judge improperly viewed the central "claim" of the Nalens by narrowly splitting it into prevailing and nonprevailing "theories." We hold that when attorney fees are allowed under I.R.C.P. 54(e)(1), either by statute or contract, the amount should not be calculated based upon individual prevailing "theories." Rather, the amount should be determined by appropriate application of the Rule 54(e)(3) factors. Here, I.C. § 48–608(3) mandates an award of reasonable attorney fees to the prevailing plaintiff. Thus, fees are allowable under Rule 54(e)(1). The amount is determined by resorting to Rule 54(e)(3) and is not to be affected by the ratio of prevailing "theories" to nonprevailing "theories."

■ Under the standard of review, we hold that the trial court improperly exercised its discretion in calculating the amount of fees on the basis of prevailing "theories" and the concomitant fractionating of the contingent fee. Because we conclude that the amount of attorney fees was improperly determined, the case must be remanded for reconsideration. A hearing should be held if requested by either party. The judge can then make a reasoned decision in light of the proper standards and factors, including whether the Nalens had a "fixed or contingent" fee agreement with their attorneys. I.R.C.P. 54(e)(3)(E). *Associates Northwest, Inc. v. Beets, supra.*

One final issue merits discussion. Both parties have requested attorney fees on appeal. Necessarily, Jenkins' request is denied. The Nalens assert, pursuant to the mandate of I.C. § 48–608(3), that they are entitled to attorney fees on appeal. Prior cases discussing this provision of the Consumer Protection Act have not addressed its application to fees on appeal. *See Decker v. Homeguard Systems, supra.* Indeed, it appears that the issue is one of first impression. We are persuaded that the

Nalens should be awarded attorney fees on appeal under I.C. § 48–608(3).

We begin by noting the language of the statute. Idaho Code § 48–608(3) states in relevant part: "In any action brought by a person under this section, the court *shall* award, in addition to the relief provided in this section, reasonable attorney's fees to the plaintiff if he prevails." (Emphasis added.) This is a nondiscretionary directive. Under the Act, a prevailing plaintiff is to be awarded reasonable attorney fees. Although the language of the statute does not expressly provide for awards on appeal, neither does it restrict such awards.

In *DeWils Interiors, Inc. v. Dines*, 106 Idaho 288, 678 P.2d 80 (Ct.App.1984), we examined at length the propriety of awarding attorney fees on appeal where the sole issue is not the merits of the underlying dispute but the reasonableness of the fee award by the trial court. The fee-shifting statute at issue in that case was I.C. § 12–120(2) (now recodified as I.C. § 12–120(3)). We held that no mandatory fee award would be made in such an appeal under the statute, but we acknowledged that a different result might be obtained under a statute creating a favored class of litigant or a "private attorney general" for whom the broadest benefit of a fee-shifting scheme should be allowed.

■ We think the Consumer Protection Act is such a statute. Its function is to provide private attorney general actions to redress unfair and deceptive practices. Firmly established in the private attorney general concept is the view that the prevailing advocate of the public interest is entitled to recover fees for fee-related work. *DeWils Interiors, Inc. v. Dines, supra.* Allowing recovery of fees is consistent with and promotes the purpose and intent of the Consumer Protection Act. Other jurisdictions with acts similar to ours have construed their provisions allowing award of attorney fees to apply at both the trial and appellate level. *See generally* Annotation, *Award Of Attorney's Fees In Actions Under State Deceptive Trade Practice And Consumer Protection Acts*, 35 A.L.R.

4th 12, § 12 (1985). Enlightening in this regard are the decisions of the Illinois appellate courts. Under § 13 of the above-cited annotation, Illinois is listed as one of two jurisdictions holding the view that awards on appeal are not authorized. The annotated case, *M & W Gear Co. v. AW Dynamometer, Inc.*, 97 Ill.App.3d 904, 53 Ill.Dec. 721, 424 N.E.2d 356 (1981), strictly construes the attorney fee provision of Illinois' Consumer Fraud and Deceptive Business Practices Act. The Illinois court concluded that attorney fees were allowable only in the trial court and not on appeal. *Id.* 53 Ill.Dec. at 731, 424 N.E. at 366.

The attorney fee provision in the Illinois act is remarkably similar to Idaho's. It states: "In any action brought by a person under this Section, the Court *may* award, in addition to the relief provided in this Section, reasonable attorney's fees and costs to the prevailing party." Ill.Rev.Stat. 1981, ch. 121½ par. 270a(c) (emphasis added). This provision is obviously discretionary. In the recent case of *Warren v. LeMay*, 142 Ill.App.3d 550, 96 Ill.Dec. 418, 491 N.E.2d 464 (1986), appeal after remand 144 Ill.App.3d 107, 98 Ill.Dec. 279, 494 N.E.2d 206 (1986), the Illinois court construed the above statute liberally and held that the intent "is to compensate a prevailing party for *all* fees and costs reasonably incurred." *Warren v. LeMay*, 96 Ill.Dec. at 439, 491 N.E.2d at 485 (emphasis original). The court held that attorney fees are allowable on appeal. On the appeal after remand, additional attorney fees for that appeal were granted. We recognize that the Illinois Supreme Court has yet to resolve the disparity; however, it appears that the recent decision places Illinois with the majority of jurisdictions allowing awards on appeal.

We conclude that the intent of I.C. § 48–608(3) is to compensate a prevailing plaintiff for the costs of bringing an action under the Act. The purpose is to provide attorneys with an incentive for representing litigants who assert publicly favored claims. To further that purpose, attorney fees should be allowed on appeal for the prevailing plaintiff. The Nalens have been successful, in part at least, on this appeal.

They persuaded us to vacate the award for fees incurred in the trial court. We did not grant their request to "direct the trial court to award the fees sought by [the Nalens'] counsel." It is still the trial court's prerogative to fix a reasonable trial-level fee on remand. If that fee turns out to be greater than the amount previously allowed, then the Nalens should be deemed the prevailing party on appeal and should receive an appellate award as well. In that event, the trial court shall consider the fees incurred by the Nalens in bringing this appeal and shall separately determine the awards of fees at trial and on appeal. I.A.R. 41(d).

The district court's order is vacated. The case is remanded with directions. Costs to appellants, the Nalens.

WALTERS, C.J., and BURNETT, J., concur.