759 P.2d 931

**BUILDING CONCEPTS, LTD., an Oklahoma corporation, Plaintiff–Respondent–Cross Appellant,**

v.

**Brad PICKERING, Joanne Pickering, Jerry Smith, and Dorothy Smith d/b/a Sunkiss Enterprises and Sunkiss Towing and Body Repair, Defendants–Appellants–Cross Respondents.**

No. 16831.

Court of Appeals of Idaho.

July 26, 1988.

Spencer E. Daw, Idaho Falls, for defendants-appellants-cross respondents.

Teresa L. Sturm of Hopkins, French, Crockett, Springer & Hoopes, Idaho Falls, for plaintiff-respondent-cross appellant.

SWANSTROM, Judge.

Building Concepts brought a claim and delivery action to regain possession of a fabricated steel building it had manufactured and shipped to Brad and Joanne Pickering and Jerry and Dorothy Smith, partners doing business as Sunkiss Enterprises (hereinafter Pickering). After the parties settled the underlying controversy concerning payment for the building, the district court awarded costs and attorney fees to Building Concepts.

Pickering appeals, raising the issue whether Building Concepts is a prevailing party and whether attorney fees are awardable under former I.C. § 12–120 in a claim and delivery action. A cross-appeal by Building Concepts asserts that the court erred by disallowing some of its claimed expenses, costs and attorney fees. We uphold Building Concepts' entitlement to costs and fees but we vacate the judgment and remand the case for the court to reconsider the claimed expenses, costs and fees.

In April 1985, Pickering became a dealer for Rigid Steel Structures of Cottonwood Falls, Kansas. The dealership agreement required a deposit by the dealer which could be applied to the purchase of a Rigid Steel building. Pickering ordered a building at a total cost of $11,340. Pickering was credited with payments totaling $2,268, leaving a balance of $9,072 which—according to the purchase order signed by Pickering—was to be "paid on delivery by cashier's check." Rigid Steel Structures filled this order by having Building Concepts, Ltd., an Oklahoma corporation, manufacture and deliver the prefabricated building to Pickering in Bonneville County, Idaho, in September 1985. The record indicates, and this is not disputed, that Building Concepts had been assigned proceeds due under the sales contract between Pickering and Rigid Steel Structures and had been given authority to receive payment of the $9,072 balance. When the shipment arrived, the driver for Building Concepts contacted Pickering and requested payment pursuant to the C.O.D. terms of the bill of lading.

The affidavit of Brad Pickering and the driver's affidavit conflict somewhat, but the following statements of the driver are undisputed. He was led to believe by Pickering that, because of the lateness of the day, a cashier's check could not be obtained until the following morning. He was told that the truck and its cargo could be safely left at Sunkiss Enterprises for the night and that it would be unloaded the next day. A Sunkiss employee took the driver to Idaho Falls where the driver spent the night. During the night Pickering unloaded the truck and took possession of the cargo. The next day Pickering refused to pay the $9,072. Demand was made to Pickering by the driver, and later by Building Concepts, for payment or return of the shipment but the demand was refused. Brad Pickering's affidavit states that he believed he was entitled to have all of the dealer's deposit refunded or applied immediately by Rigid Steel toward the balance due on the building.

Building Concepts immediately filed suit against Pickering, seeking a return of the shipped merchandise and damages for breach of the sales contract. A writ of possession was issued and served. Building Concepts then repossessed the merchandise. Negotiations between the parties resulted in a partial settlement whereby Pickering paid the $9,072 balance due

for the building. The issues regarding alleged conversion and unlawful possession of the shipment were thus resolved. The sole remaining issue was whether Pickering should pay Building Concept's costs, expenses and attorney fees.

Building Concepts next filed a notice of intent to take default. This notice contained affidavits listing the costs and expenses incurred to date. These included court costs, attorney fees and the expenses of repossession. The total approximated $3,350. The district court granted a default judgment against Pickering but later set it aside on Pickering's motion alleging mistake or excusable neglect under I.R. C.P. 60(b).

Building Concepts then filed a motion for summary judgment seeking its costs, expenses and attorney fees incurred in the claim and delivery action. A hearing was held and, based on the settlement of the underlying controversy, Building Concepts was determined to be the prevailing party. The court awarded $1,250 for attorney fees and $112 for costs. The court's memorandum decision did not mention or allow the other expenses and costs claimed by Building Concepts. This appeal and cross-appeal followed.

## THE APPEAL

■ Pickering contends that an award of attorney fees under former I.C. § 12–120(2) was improper. The action, it is argued, was one for claim and delivery under I.C. § 8–301 and not for any of the types of actions enumerated in former I.C. § 12–120(2) allowing attorney fees. At the time I.C. § 12–120(2) stated:

In any civil action to recover on an open account, account stated, note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, unless otherwise provided by law, the prevailing party shall be allowed a reasonable attorney

fee to be set by the court, to be taxed and collected as costs.[1]

Pickering also cites the case of *National Motor Service Co. v. Walters*, 85 Idaho 349, 379 P.2d 643 (1963), where the Supreme Court stated:

This Court has consistently held, however, that attorney's fees are not recoverable unless provided for by statute or by contract of the parties. [Citations omitted.] Attorneys' fees are not a proper element of damages in a replevin action, [citations omitted] and are not recoverable in the statutory claim and delivery action, [citations omitted].

*Id.* at 361, 379 P.2d at 651. However, *National Motor Service* is of no value in determining whether the present action comes within the provisions of I.C. § 12–120 because the statute was enacted since *National Motor Service* was decided.

In any event, Building Concepts asserts that its action was one for breach of a contract and not solely for claim and delivery. It argues that the conduct of Pickering was in breach of the C.O.D. agreement and of statutory duties imposed by the Uniform Commercial Code on buyers of goods. The action for claim and delivery was merely a means for enforcing the right to the property arising from the contract agreement and to obtain immediate recovery of the property after the breach.

On the issue of whether an action qualifies for attorney fees under I.C. § 12–120(2), this Court in *Chenery v. Agri–Lines Corp.*, 106 Idaho 687, 690, 682 P.2d 640, 643 (Ct.App.1984), stated:

For attorney fees to be recoverable under I.C. § 12–120(2) the action must be one "to recover on ... [a] contract relating to the purchase or sale of goods, wares or merchandise." It is not enough that the *transaction* between the parties relate to the purchase or sale of goods. The *action* itself must be one "to recover

---

1. Between the time when the summary judgment motion was argued and when it was decided, I.C. § 12–120 was amended to allow attorney fees "in any commercial transaction." 1986 Idaho Session Laws, ch. 205, p. 511. However,

we recently held in *Myers v. Vermaas,* 114 Idaho 85, 753 P.2d 296 (Ct.App.1988), that the amendment should not be applied to cases filed before July 1, 1988.

... on [the] contract." [Emphasis original.]

We went on to discuss what is meant by the terms "recovery on the contract" in light of determining whether a claim is founded in tort or contract. We said this determination was to be made

> "... from the pleadings, and by an examination and consideration of the essential allegations of the complaint rather than the form adopted by the pleader, ... the question must be determined by reference to the complaint as a whole, and not by particular words or allegations considered apart from the context...."

*Id.* at 690, 682 P.2d at 640 (quoting *Yeager v. Dunnavan*, 174 P.2d 755, 757 (Wash. 1946)). This test for whether an action is founded in contract is also applicable here.

The complaint sets out the elements necessary to establish an action for claim and delivery: the existence of a contract, delivery of the property in question, possession of the property by a second party, failure to pay for the property, and a demand for its return. The complaint alleges:

> That despite repeated demand, defendants have failed, refused and neglected to pay to plaintiff, its agents or representatives the balance due and owing for said building in breach of defendants' contract agreement regarding the same, all to the detriment of plaintiff.

Following these allegations the complaint goes on to characterize the claim and delivery proceeding as necessary to recover possession of the property because Pickering had taken possession without remitting payment.

Under the interpretation given to the scope of I.C. § 12–120(2) in *Chenery,* and in the cases it cites, an action is grounded in contract when the act complained of is a breach of specific terms of the contract, *Chenery, supra* at 690, 682 P.2d at 643 (quoting *Yeager v. Dunnavan, supra*) or is a breach of duty arising out of the contract. *Gearin v. Marion County,* 110 Or. 390, 223 P. 929 (1924).

The acts of Pickering in taking possession of the merchandise without paying for it were clearly in breach of the sales contract. The written agreement between Rigid Steel Structures and Pickering obligated Pickering to pay the $9,072 balance in full upon delivery. Because the contract related to a sale of goods, its language was given further meaning by the Uniform Commercial Code. Under the Code, the C.O.D. terms of the bill of lading required payment to be made on delivery. *See* I.C. §§ 28–2–310; 28–2–507. Clearly, Building Concepts' possession of the bill of lading, coupled with its delivery of the ordered building to the proper destination, was sufficient proof—never disputed—that Building Concepts had the authority from Rigid Steel Structures to demand and receive payment of the $9,072 balance due before relinquishing possession of the building to Pickering. Absent such payment, taking possession of the shipment and refusing to return it constituted a breach of the obligation under the contract. I.C. § 28–2–301.

Building Concepts' claim was one to recover based on a breach of Pickering's duty under the contract. Even though the action also sought a return of the shipment by claim and delivery, it was not an action merely "involving" a contract. *See Ida-Best, Inc. v. First Security Bank of Idaho,* 99 Idaho 517, 584 P.2d 1242 (1978). It was truly an action on the contract. While the suit sought to recover possession of the property, the cause of action was not solely founded upon Building Concepts' efforts to regain possession of the property. The subject of the action was to remedy Pickering's breach of retention without payment. The alleged wrong of Pickering was possession absent payment, a breach of the sales contract which Building Concepts was redressing by the remedy of claim and delivery. An action for claim and delivery has been held not to be an independent form of action, but merely an auxiliary remedy available to a party who has the present right of possession to the property. *Kunz v. Nelson,* 76 P.2d 577 (Utah 1938). The language used in the complaint evidences Building Concepts' intent to recover possession of the shipment as a remedy to Pickering's breach of the contract.

Pickering also argues that Building Concepts was not a party to the contract; hence, its action for claim and delivery cannot be one arising out of the contract. This view of Building Concepts' status is incorrect. In addition to the delivery agreement and the rights of an agent or carrier against the party receiving goods, Building Concepts, as manufacturer of the building components, was assigned the proceeds of the contract by Rigid Steel Structures. Generally, the assignee stands in the shoes of the assignor and is owned whatever performance the assignor was entitled to receive. *Lockhart v. B.F.K. Ltd.*, 107 Idaho 633, 691 P.2d 1248 (Ct.App.1984); *Paullus v. Fowler*, 59 Wash.2d 204, 367 P.2d 130 (Wash.1961). We conclude that the district court's award of attorney fees under I.C. § 12–120(2) was proper.

## THE CROSS–APPEAL

In its award of attorney fees and costs, the district court reduced the amount requested by more than half. Building Concepts has cross-appealed this judgment, asserting that denial of these expenses was erroneous. The record indicates that Building Concepts, in its affidavit of amounts due, listed court costs at a total of $112; additional costs of $1,232, including $180 for a bond as required under I.C. § 8–303; $500 for truck rental; and $552 for forklift rental. Attorney fees were listed at $2,000. The court's award granted the $112 in court costs, disallowed the additional costs and granted attorney fees of $1,250.

### A. *Disallowed Costs*

We are faced with the problem of an inadequate explanation of the district court's reasoning. The court made no specific findings to explain why the bond and equipment rental expenses were disallowed. The expenses sought by Building Concepts should have been considered by the district court as costs awardable under

I.R.C.P. 54(d)(1).[2] Under the rule, certain enumerated costs may be awarded as a matter of right under Rule 54(d)(1)(C) and an award may be made for broader discretionary costs under Rule 54(d)(1)(D).

■ We note first that one of the disallowed costs, the expense of the bond, is an enumerated expense to which a party is entitled when costs are awarded. Under Rule 54(d)(1)(C)(7) the cost of a bond premium is to be awarded as a matter of right. From the record presented on appeal it is clear that the district court had unrefuted evidence of the cost of the bond. This cost should be allowed unless the court makes a finding under Rule 54(d)(1)(C) that the cost is disallowable for any of several specifically enumerated reasons, such as if the cost was not reasonably incurred. The court made no such determination.

■ Second, we are confronted with a similar problem with the remaining costs, the equipment rentals. Under Rule 54(d)(1)(D) a broad category of discretionary costs may be awarded upon a showing that the expenses were necessary and exceptional costs reasonably incurred. A prima facie showing was made by Building Concepts that it incurred $500 for truck rental and $552 for forklift rental in retaking possession of the prefabricated building components from Pickering under the writ of possession. The rule requires "express findings as to why such specific item of discretionary cost should or should not be allowed." The district court again failed to make any findings regarding the disallowance of these expenses.

We remand to the district court to reconsider its award. It should specifically find whether the bond expense was a qualified cost as a matter of right and whether the equipment rental qualified as an allowable discretionary cost.

### B. *Amount Of Fees Awarded*

The amount of attorney fees awarded is also argued by Building Concepts to have

---

**2.** Building Concepts contends that it is entitled to these expenses under *Michael v. Zehm*, 74 Idaho 442, 263 P.2d 990 (1954). *Michael*, however, does not address the items at issue here— the expenses incurred by the property owner in the attempt to recover the property. *Michael* focused instead on compensation of the property owner for *lost use* of the property during the time of wrongful possession. *See Nora v. Safeco Ins. Co.*, 99 Idaho 60, 577 P.2d 347 (1978); *National Motor Service Co. v. Walters*, 85 Idaho 349, 379 P.2d 643 (1963).

been erroneously reduced. A determination of the amount of attorney fees to be awarded is within the discretion of the district court. *DeWils Interiors, Inc. v. Dines*, 106 Idaho 288, 678 P.2d 80 (Ct.App. 1984). Absent a showing of abuse of discretion the award will not be overturned.

■ However, the district court under I.R.C.P. 54(e)(3) is required to consider several factors in determining the amount of such fees. Our review of the court's discretion in the award of attorney fees is based upon the proper application of these factors. *Nalen v. Jenkins*, 113 Idaho 79, 741 P.2d 366 (Ct.App.1987). The district court must, at a minimum, provide a record which establishes that the court considered these factors. They include such items as the time and labor required, the skill requisite to perform the legal service properly, the amount involved, and the results obtained, as well as "any other factor which the court deems appropriate" in this case.

■ The record here is inadequate. It fails to show any consideration was given to these or to other appropriate factors. The court stated only that it recognized merit in Pickering's argument that the suit and its accompanying expenses could have been avoided. The statement does not indicate a valid reason for reduction of the fee award. We can find no basis in the record for concluding that Building Concepts was not justified in filing this action given the apparently untenable position taken by Brad Pickering that he had some right to the building without paying the balance due according to the purchase order. Accordingly, we hold that the amount of the fee award must be reconsidered in light of other proper criteria under Rule 54(e)(3).

Building Concepts also contends that the district court used incomplete information in fixing the amount of its fee award. The record shows that figures used by the court had been obtained from an affidavit filed in November, 1985, when Building Concepts applied for entry of a default judgment. Later, when Building Concepts filed its motion for summary judgment, it indicated that additional fees had been in-curred. However, when the court ruled on the summary judgment motion, it determined the amount of allowable fees without affording Building Concepts the opportunity to show the total amount of fees then incurred. The court should not have relied simply on the previously filed affidavit. On remand Building Concepts may file an updated memorandum which the district court should consider in making its award.

Attorney fees are also sought on appeal by Building Concepts. Building Concepts was determined the prevailing party by the district court based on the settlement agreement. Our decision to uphold the award of attorney fees in the district court also makes Building Concepts the prevailing party on appeal.

In general, Idaho Code § 12–120 mandates an award of attorney fees to the prevailing party on an appeal as well as in the trial court. *Cheney v. Smith*, 108 Idaho 209, 697 P.2d 1223 (Ct.App.1985); *Boise Truck & Equipment, Inc. v. Hafer Logging, Inc.*, 107 Idaho 824, 693 P.2d 470 (Ct.App.1984). When an appeal concerns attorney fees alone, such an award will be made to the prevailing party if the issue on appeal includes the *entitlement* to a fee award below and is not limited to the *amount. DeWils Interiors, Inc. v. Dines, supra.* [Emphasis original.]

*Spidell v. Jenkins*, 111 Idaho 857, 861, 727 P.2d 1285, 1289 (Ct.App.1986). Accordingly, we hold that Building Concepts is entitled to an award of a reasonable attorney fee on appeal, to be determined under I.A. R. 41.

In summary, we uphold Building Concepts' entitlement to costs and attorney fees. We vacate the judgment as to the amount awarded and we remand for reconsideration of the award. Costs and fees on appeal are awarded to respondent, Building Concepts.

WALTERS, C.J., and BURNETT, J., concur.