**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 33965**

| | |
|---|---|
| MEDICAL RECOVERY SERVICES, LLC, ) | |
| ) | **2007 Opinion No. 83** |
| **Plaintiff-Appellant,** ) | |
| ) | **Filed: December 10, 2007** |
| v. ) | |
| ) | **Stephen W. Kenyon, Clerk** |
| SHARON JONES, ) | |
| ) | |
| **Defendant-Respondent.** ) | |
| ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bingham County. Hon. Darren B. Simpson, District Judge; Hon. Scott H. Hansen, Magistrate.

Attorney fee award, <u>affirmed in part</u> and <u>remanded in part</u>.

McGrath, Meacham & Smith, PLLC, Idaho Falls, for appellant.

Pendlebury Law Office, Idaho Falls, for respondent.

_____

LANSING, Judge

In this appeal, Plaintiff Medical Recovery Services, L.L.C. ("M.R.S.") contends that the magistrate court awarded inadequate attorney fees to M.R.S. as the prevailing party in this collection action. We affirm in part and remand.

**I.**

**BACKGROUND**

M.R.S. is a debt collection agency. It received assignment of a debt of $637.00, plus $26.60 in prejudgment interest, owed to Mountain View Hospital by Sharon Jones. In September 2005, M.R.S. filed a complaint against Jones to recover this amount. The complaint also requested an award of attorney fees. On October 13, 2005, Jones met with M.R.S.'s attorney. They were apparently unable to reach a satisfactory resolution. Recognizing that she owed the debt, however, Jones paid the hospital directly on October 24, by placing the entire charge on a credit card. A few days later, she filed an answer to M.R.S.'s complaint, admitting

1

the allegations. M.R.S. then moved for judgment on the pleadings and filed a brief in support in which M.R.S. sought judgment for attorney fees incurred in the action.

At a January 23, 2006, hearing on M.R.S.'s motion, argument and colloquy focused primarily upon M.R.S.'s request for attorney fees. The magistrate court indicated that, as a rule of thumb, in such cases it typically awarded one-third of the principal amount for attorney fees, which would be about $200 in this case, and then inquired about the hourly rate of M.R.S.'s attorney and the time expended on this case. At the conclusion of this hearing, and without having received a memorandum of costs and fees incurred by M.R.S., the court announced that it was awarding $200 in attorney fees. Soon thereafter, Jones paid the fee and other costs ordered by the magistrate.

Thereafter, M.R.S. filed a motion requesting $1,860.75 in attorney fees pursuant to I.C. § 12-120(1) and (3), and I.R.C.P. 54(d)(5) and (e). The motion was supported by affidavits outlining the time expended by attorneys and a paralegal and their hourly rates, in compliance with I.R.C.P. 54(e)(5). The motion asserted that the district court had prematurely ordered the attorney fees in the previous hearing because M.R.S. had not yet formally requested them. Following a hearing on May 22, 2006, the magistrate denied the motion and confirmed the original award of $200. M.R.S. appealed to the district court, which affirmed. M.R.S. again appeals.

## II.

## ANALYSIS

### A. Attorney Fees

It is undisputed here that M.R.S. was entitled to fees in this case by terms of I.C. § 12-120(1) and (3). The amount to be awarded under that statute is within the trial court's discretion and will not be overturned unless the party appealing the decision shows an abuse of discretion. I.R.C.P. 54(e)(1); *Brinkman v. Aid Ins. Co.*, 115 Idaho 346, 350-51, 766 P.2d 1227, 1231-32 (1988), *overruled on other grounds by Greenough v. Farm Bureau Mut. Ins. Co. of Idaho*, 142 Idaho 589, 130 P.3d 1127 (2006); *Bldg. Concepts, Ltd. v. Pickering*, 114 Idaho 640, 645, 759 P.2d 931, 936 (Ct. App. 1988). In assessing whether an award of attorney fees was an abuse of discretion, this Court applies a three-factor test: (1) whether the trial court correctly perceived the issue as one of discretion; (2) whether the trial court acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to

it; and (3) whether the trial court reached its decision by an exercise of reason. *Burns v. Baldwin*, 138 Idaho 480, 486-87, 65 P.3d 502, 508-09 (2003).

To properly exercise its discretion on a request for attorney fees, a trial court must, at a minimum, consider the twelve factors outlined in I.R.C.P. 54(e)(3). *Boel v. Stewart Title Guar. Co.*, 137 Idaho 9, 16, 43 P.3d 768, 775 (2002); *Bldg. Concepts, Ltd.*, 114 Idaho at 645, 759 P.2d at 936; *Nalen v. Jenkins*, 113 Idaho 79, 81, 741 P.2d 366, 368 (Ct. App. 1987). These factors are:

> (A)   The time and labor required.
> (B)   The novelty and difficulty of the questions.
> (C)   The skill requisite to perform the legal service properly and the experience and ability of the attorney in the particular field of law.
> (D)   The prevailing charges for like work.
> (E)   Whether the fee is fixed or contingent.
> (F)   The time limitations imposed by the client or the circumstances of the case.
> (G)   The amount involved and the results obtained.
> (H)   The undesirability of the case.
> (I)   The nature and length of the professional relationship with the client.
> (J)   Awards in similar cases.
> (K)   The reasonable cost of automated legal research (Computer Assisted Legal Research), if the court finds it was reasonably necessary in preparing a party's case.
> (L)   Any other factor which the court deems appropriate in the particular case.

I.R.C.P. 54(e)(3). The trial court is required to consider the existence and applicability of each factor without placing undue weight or emphasis upon any one element. *Nalen*, 113 Idaho at 81, 741 P.2d at 368. The trial court need not specifically address all of the factors in writing, so long as the record clearly indicates that all of them were considered. *Boel*, 137 Idaho at 16*, 43 P.3d at 775; *Brinkman*, 115 Idaho at 351, 766 P.2d at 1232. It is incumbent upon the appellant to demonstrate that the court failed to consider or apply the appropriate criteria. *Irwin Rogers Ins. Agency, Inc. v. Murphy*, 122 Idaho 270, 277, 833 P.2d 128, 135 (Ct. App. 1992).

M.R.S. contends that the magistrate court abused its discretion in awarding only $200 in attorney fees because it did not consider the actual time that counsel spent on this case, applied a predetermined formula instead of considering the factors of Idaho Rule of Civil Procedure 54(e)(3), and improperly used a low award to penalize M.R.S.'s attorney.

A court may not use the award or denial of attorney fees to vindicate its sense of justice beyond the judgment rendered on the underlying dispute, provide indirect relief from an adverse

3

judgment, or penalize a party for misdeeds during the litigation. *Eighteen Mile Ranch, LLC v. Nord Excavating & Paving, Inc.*, 141 Idaho 716, 720, 117 P.3d 130, 134 (2005); *Evans v. Sawtooth Partners*, 111 Idaho 381, 387, 723 P.2d 925, 931 (Ct. App. 1986); *DeWils Interiors, Inc. v. Dines*, 106 Idaho 288, 678 P.2d 80 (Ct. App. 1984). Nevertheless, a court need not blindly accept the figures advanced by the attorney, and may disallow fees that were unnecessarily and unreasonably incurred. *Craft Wall of Idaho, Inc. v. Stonebraker*, 108 Idaho 704, 706, 701 P.2d 324, 326 (Ct. App. 1985). Thus, although the time and labor actually expended by an attorney is to be considered, it is also to be evaluated under a standard of reasonableness. *Daisy Mfg. Co., Inc. v. Paintball Sports, Inc.*, 134 Idaho 259, 263, 999 P.2d 914, 918 (Ct. App. 2000). "An attorney cannot 'spend' his time extravagantly and expect to be compensated by the party who loses at trial. Hence, a court may disallow fees that were unnecessarily and unreasonably incurred or that were the product of attorney 'churning.'" *Id.* (internal quotation marks and citations omitted).

In this case, the magistrate acted prematurely and improperly at the January 23, 2006 hearing by awarding a specific amount of attorney fees before having received a Rule 54(d)(5) memorandum of costs and fees and Rule 54(e)(5) affidavit, which are necessary for application of the Rule 54(e)(3) factors. Also troubling is the magistrate's assertion at that hearing that he would not give M.R.S. additional attorney fees regardless of what documentation it might later file. Nevertheless, the record clearly establishes that in response to M.R.S.'s later motion for attorney fees, at the May 22, 2006, hearing the magistrate did consider the time actually expended by M.R.S.'s counsel and the factors enumerated in the rule.

Although the trial court indicated that it was "a little bit offended by the amount of attorney's fees" and "disappointed" in counsel, the court's further remarks show that the court's rejection of most of the claimed fees was not a punishment, but was based on an analysis of the amount reasonably incurred. In particular, the court's comments were focused on counsel's work after Jones had attempted to arrange for payment early in the case. The court said:

> [O]n this case, you won't make any money. Your law firm is going to lose four or five or six hundred dollars on this today. But the reason that I'm doing that is because [counsel] didn't take the time to talk to [Jones] . . . and tell her, pay me the $200 of attorney fees plus the hundred dollars of costs, or whatever; . . . . [T]he impression that I have is [counsel] refused to talk to her, he refused to deal with her, wouldn't give her a number. . . . [H]e didn't respond by saying, look, I appreciate what you're trying to tell me, lady, but you're going to have to pay

4

some attorney fees and costs. So let's just try to cut right to the chase here and get that resolved if we can.

In the May 22, 2006, hearing, the magistrate reiterated:

> Now, I do not want to dispute with you for a minute, [counsel], that you've got a lot more time in that. I can see that. . . . But under the circumstances, I just don't feel like that is appropriate where this woman came to your office, tried to visit with you. Evidently you had a conversation where you didn't really have a meeting of the minds. She goes out and pays the principal amount. I think you're still entitled to be paid something, and that's why I said 200 instead of nothing. She's paid the 200. She's paid the filing fee. She's paid the service fee. So for those reasons, it's just kind of based on my training, my experience that I've had. I feel like that the 200 is appropriate in this particular case.

Neither party in this case presented evidence of what transpired during their conversations; they merely made unsworn assertions during the hearings. Regardless of the content of their conversations, it is undisputed that Jones telephoned M.R.S.'s attorney the day after service of the complaint, met with him the day after that, and four days later paid the full principal amount to the original creditor via a credit card charge. Jones contends that she expressed her willingness to fully settle the matter, including paying attorney fees, but that after she paid the debt directly to the hospital, M.R.S.'s attorney was angry and refused to state an amount for fees. The attorney disagreed with some of Jones's depiction of their conversations, but admitted that he never gave her a specific figure that would resolve the attorney fee claim before preparing his motion for judgment on the pleadings, thereby expending more time and increasing the fees. After Jones paid the underlying debt, virtually all of the attorney's services were undertaken in pursuit of an award of attorney fees. The record demonstrates that the magistrate's comments about counsel's actions did not express an intent to punish for perceived misconduct, but instead expressed a determination that these subsequent fees were not reasonable because they likely could have been avoided by better communication with Jones.

M.R.S. also argues that the fee award was not derived by an exercise of reason because the magistrate employed a predetermined formula of one-third of the principal for attorney fees instead of considering the I.R.C.P. 54(e)(3) factors. On several occasions the magistrate did mention that, as a rule of thumb, he would order one-third of the principal amount as attorney fees in collection cases. However, taking the magistrate's comments in their totality, it is evident that this was an assessment that encompassed an analysis of several Rule 54(e)(3) factors, including the relative simplicity of the issues, the requisite skill for collection services, the

5

prevailing charges, awards in similar cases, the amount involved, and the results obtained. To support its determination, the court noted the customary practices of other judges in the locality with respect to fee awards in collection cases. The court also asked about the attorney's fee arrangement with M.R.S., but the attorney declined to give that information, so the court considered the one-third contingency fee agreements typically employed in such cases. The court also considered the relatively low principal amount involved, and the quick result obtained because the defendant admitted liability and quickly paid the underlying debt. It is therefore evident that the court did not disregard the factors of I.R.C.P. 54(e)(3) in favor of a predetermined formula.

In sum, M.R.S. has not shown that the magistrate court abused its discretion by violating governing legal standards or by failing to exercise reason in arriving at the award for attorney services at the conclusion of the May 22 hearing.

**B.     Paralegal Fees**

Although the magistrate properly exercised its discretion in determining the award of fees for attorney services, we must remand this case because the magistrate did not perceive that it had discretion to award fees for work done by a paralegal. M.R.S.'s request included $192 for a paralegal's work. The magistrate stated that under the Idaho Supreme Court decision, *Hines v. Hines*, 129 Idaho 847, 855, 934 P.2d 20, 28 (1997), such fees are not awardable as attorney fees or costs. In 1999, however, I.R.C.P. 54(e)(1) was amended to provide: "In any civil action the court may award reasonable attorney fees, *which at the discretion of the court may include paralegal fees*, to the prevailing party" (emphasis added). *See P.O. Ventures, Inc. v. Loucks Family Irrevocable Trust*, 144 Idaho 233, 239, 159 P.3d 870, 876 (2007). Because the magistrate court did not recognize that it had discretion to award fees for these expenses, we must remand for the court to reconsider whether to award any sum for paralegal services.

**C.     Attorney Fees on Appeal**

Jones requests an award of attorney fees on appeal pursuant to I.C. § 12-121 and I.R.C.P. 54(e)(1) on the ground that the appeal was bought frivolously, unreasonably or without foundation. We conclude, however, that there is no prevailing party, as we have affirmed in part but remanded for reconsideration of the claim for paralegal fees. Accordingly, no attorney fees or costs are awarded on appeal.

### III.

### CONCLUSION

While the magistrate court did not abuse its discretion in awarding fees for the work of M.R.S.'s attorney, it did not perceive that it had discretion to award attorney fees for a paralegal's work. We therefore affirm the award for attorney services only but remand for the magistrate court to reconsider M.R.S.'s request for paralegal fees. No costs or fees to either party on appeal.

Chief Judge PERRY and Judge GUTIERREZ **CONCUR.**