# United States Court of Appeals
# for the Federal Circuit

————————————

**MICRON TECHNOLOGY, INC., MICRON
SEMICONDUCTOR PRODUCTS, INC., MICRON
TECHNOLOGY TEXAS, LLC, STATE OF IDAHO,**
*Plaintiffs-Appellees*

**v.**

**LONGHORN IP LLC,**
*Defendant-Appellant*

————————————

2023-2007

————————————

Appeal from the United States District Court for the
District of Idaho in No. 1:22-cv-00273-DCN, Judge David
C. Nye.

-------------------------------------------------

**KATANA SILICON TECHNOLOGIES LLC,**
*Plaintiff-Appellant*

**v.**

**MICRON TECHNOLOGY, INC., MICRON
SEMICONDUCTOR PRODUCTS, INC., MICRON
TECHNOLOGY TEXAS, LLC, STATE OF IDAHO,**
*Defendants-Appellees*

————————————

2023-2095

————————————

Appeal from the United States District Court for the District of Idaho in No. 1:22-cv-00282-DCN, Judge David C. Nye.

————————————

Decided:  December 18, 2025

————————————

ANDREW DUFRESNE, Perkins Coie LLP, Madison, WI, argued for Micron Technology, Inc., Micron Semiconductor Products, Inc., Micron Technology Texas, LLC.  Also represented by AMANDA TESSAR, Denver, CO; JONATHAN IRVIN TIETZ, Washington, DC.

MICHAEL ZARIAN, Idaho Office of the Attorney General, Boise, ID, argued for State of Idaho.  Also represented by STEPHANIE N. GUYON, ALAN M. HURST, RAUL R. LABRADOR, JAMES J. SIMERI.

SCOTT W. BREEDLOVE, Carter Arnett PLLC, Dallas, TX, argued for Longhorn IP LLC and Katana Silicon Technologies LLC.  Also represented by OMER SALIK, Hermosa Beach, CA.

————————————

Before LOURIE, SCHALL, and STOLL, *Circuit Judges*.

LOURIE, *Circuit Judge*.

Longhorn IP LLC ("Longhorn") and Katana Silicon Technologies LLC ("Katana") (collectively, "Appellants") appeal from a decision of the United States District Court for the District of Idaho denying Appellants' motions to dismiss and imposing a bond of $8 million pursuant to the Idaho Bad Faith Assertions of Patent Infringement Act ("the Act").  *Katana Silicon Techs. LLC v. Micron Tech.,*

*Inc.*, 671 F. Supp. 3d 1138 (D. Idaho 2023) ("*Bond Decision*").  Because we lack jurisdiction, we dismiss.

### BACKGROUND

The Idaho legislature passed the Act in 2014, "seek[ing] to facilitate the efficient and prompt resolution of patent infringement claims, protect Idaho businesses from abusive and bad faith assertions of patent infringement[,] and build Idaho's economy, while at the same time carefully not interfering with legitimate patent enforcement actions."  IDAHO CODE § 48-1701(2).  Under the Act, it "is unlawful for a person to make a bad faith assertion of patent infringement in a demand letter, a complaint[,] or any other communication."  *Id.* § 48-1703(1).  Those targeted by a bad faith assertion of patent infringement may bring a private cause of action seeking a combination of equitable relief, damages, costs and fees, and punitive damages.  *Id.* § 48-1706(1).

The Act also contains the following bond provision:

> Upon motion by a target and a finding by the court that a target has established a reasonable likelihood that a person has made a bad faith assertion of patent infringement in violation of this chapter, the court shall require the person to post a bond in an amount equal to a good faith estimate of the target's costs to litigate the claim and amounts reasonably likely to be recovered under this chapter, conditioned upon payment of any amounts finally determined to be due to the target.  A hearing shall be held if either party so requests.  The court may waive the bond requirement if it finds the person has available assets equal to the amount of the proposed bond or for other good cause shown.

*Id.* § 48-1707.

Micron Technology, Inc., together with its subsidiaries Micron Semiconductor Products, Inc. and Micron

Technology Texas, LLC, (collectively, "Micron") is a semiconductor manufacturer headquartered in Boise, Idaho. *Bond Decision*, 671 F. Supp. 3d at 1146–47 & n.1.   In March 2022, Katana sued Micron for patent infringement in the United States District Court for the Western District of Texas. *Id.* at 1147.   Katana asserted infringement of three expired patents: U.S. Patents RE38,806 ("the '806 patent"), 6,352,879 ("the '879 patent"), and 6,731,013 ("the '013 patent"). *Id.*   The patents relate to inventions to shrink semiconductor devices.

With its Answer, Micron asserted a counterclaim for bad faith assertion of patent infringement pursuant to the Act. *Id.*   Katana then filed a motion to dismiss Micron's counterclaim, arguing that the Act is preempted under federal patent law. *Id.*   After the district court transferred the case to the United States District Court for the District of Idaho pursuant to a motion from Micron, the State of Idaho intervened to defend the Act's legality and filed a memorandum in opposition to Katana's motion to dismiss Micron's counterclaim of bad faith assertion of patent infringement. *Id.*

In addition to its counterclaim against Katana, Micron sued Longhorn in Idaho state court for the same bad faith assertion of patent infringement and asked the court to impose a $15 million bond on Appellants. *Id.*   In its suit, Micron alleged that Longhorn controlled Katana. *Id.*   Longhorn removed the case to federal court and moved to dismiss on the same preemption grounds asserted by Katana. *Id.*   The State of Idaho again intervened to defend the Act's legality. *Id.*

The district court decided both motions to dismiss in its *Bond Decision*. *Id.*   The district court first decided that federal law does not preempt the Act, *id.* at 1149–55, and then imposed a bond of $8 million on Appellants pursuant to the Act's bond provision, *id.* at 1159–60.   Appellants appeal.

## DISCUSSION

"On matters relating to this court's jurisdiction, we apply Federal Circuit law." *Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1353 (Fed. Cir. 2011). "Whether this court has jurisdiction over an appeal taken from a district court decision is a question of law which we address in the first instance." *Pause Tech. LLC v. TiVo, Inc.*, 401 F.3d 1290, 1292 (Fed. Cir. 2005).

Under the final judgment rule, parties may only appeal a "final decision of a district court." *Robert Bosch, LLC v. Pylon Mfg. Corp.*, 719 F.3d 1305, 1308 (Fed. Cir. 2013) (en banc) (citing 28 U.S.C. § 1295(a)(1)). A final decision is "one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945). The foundation of this policy is "one against piecemeal litigation." *Id.* at 233–34.

Here, there has been no final judgment, as the *Bond Decision* only denied motions to dismiss and imposed a bond; it did not end the case on the merits. *See id.*; *see generally Bond Decision*, 671 F. Supp. 3d at 1138. Appellants do not contend that there has been a final judgment. *See* Appellants' Op. Br. at 11. Rather, Appellants contend that we have jurisdiction pursuant to (1) 28 U.S.C. § 1292 as an injunctive order; (2) the collateral order doctrine; or (3) the All Writs Act, 28 U.S.C. § 1651. *Id.* at 3–15. Appellants also contend that we have pendent jurisdiction over the motions to dismiss. *Id.* at 12. Micron disagrees and argues that we ought to dismiss the appeal for lack of jurisdiction. Micron Resp. Br. at 26–34.* We address each jurisdictional argument in turn.

---

\*    Appellee State of Idaho only argued that the Act is not preempted by federal law. *See* Idaho Resp. Br. at 1. It

I

Appellants argue that we have interlocutory appellate jurisdiction pursuant to 28 U.S.C. § 1292. Appellants' Op. Br. at 3. "Our jurisdiction over an interlocutory appeal . . . is governed by 28 U.S.C. § 1292(a)(1) and (c)(1)." *Procter & Gamble Co. v. Kraft Foods Glob., Inc.*, 549 F.3d 842, 846 (Fed. Cir. 2008). "Taken together, these subsections provide that this court has exclusive jurisdiction over appeals from interlocutory orders 'granting, continuing, modifying, refusing or dissolving injunctions,' 28 U.S.C. § 1292(a)(1), in any case over which this court would have jurisdiction of an appeal under § 1295. 28 U.S.C. § 1292(c)(1)." *Id.* (internal citations in original). We also have jurisdiction over orders that have the "practical effect" of granting or denying injunctions. *Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1301 (Fed. Cir. 2005) (quoting *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 287–88 (1988)).

Appellants argue that the district court's imposition of the bond is of an "injunctive nature" and that the bond is "coercive and punitive . . . such that meaningful appellate review must be interlocutory." Appellants' Op. Br. at 5, 7; *see also* Oral Arg. at 2:08–2:20, available at cafc.uscourts.gov/oral-arguments/23-2007_11102025.mp3 (Appellants' counsel contending that the imposition of the bond is an injunction). They also argue that "[e]ven if the [*Bond Decision*] were not considered a literal injunction, interlocutory relief would still be required given th[e] grave

---

did not take a position on jurisdiction. *Id.* at 1 n.1. We have also benefitted from amicus curiae briefs filed by 28 states and two associations. *See* States Amicus Br.; App Assoc. Amicus Br.; CCIA Amicus Br. They too did not take a position on jurisdiction.

risk of irreparable harm and the chilling effect of the [*Bond Decision*]." Appellants' Op. Br. at 9.

Appellants' arguments are unavailing. The bond is not an injunction. *See Bond Decision*, 671 F. Supp. 3d at 1160–61 (no injunctive relief awarded). And the bond fails the *Carson* test for injunction-like orders. *See Carson v. Am. Brands, Inc.*, 450 U.S. 79, 84 (1981). Under *Carson*, a disputed interlocutory order must (1) have the "practical effect" of an injunction, (2) cause a "serious, perhaps irreparable, consequence," and (3) be "'effectually challenged' only by immediate appeal." *Id.* at 84–85.

Appellants cannot make such a showing. First, the *Bond Decision* does not have the "practical effect" of an injunction. An injunction is "an equitable decree compelling obedience under the threat of contempt." *See Int'l Longshoremen's Ass'n v. Phila. Marine Trade Ass'n*, 389 U.S. 64, 75 (1967). But here, Appellants can challenge the bond before the district court. *See* IDAHO CODE § 48-1707 (party may request a hearing regarding the bond). Thus, the imposition of the bond is more akin to a conditional stay until it is paid or waived. *See Nken v. Holder*, 556 U.S. 418, 429 (2009) ("A stay simply suspends judicial alteration of the status quo, while injunctive relief grants judicial intervention that has been withheld by lower courts." (cleaned up)). That is, the imposition of the bond does not prohibit Appellants from engaging in any conduct or require them to take any action other than satisfying a procedural precondition to proceed, unlike an injunction. *See id.*; *cf. Int'l Longshoremen's*, 389 U.S. at 75.

Second, Appellants did not demonstrate that the bond imposes any "serious, perhaps irreparable, consequence." *See Carson*, 450 U.S. at 84. There is no record evidence suggesting that Appellants cannot continue the litigation due to the imposition of the bond. *See* Oral Arg. at 2:32–3:00 (Appellants' counsel acknowledging that "there is no evidence in the record about anyone's ability to pay [the

bond]"); *id.* at 7:50–7:59 ("There was no evidence of the ability or inability to pay a specific bond."). Without evidence that the bond impairs their ability to litigate or imposes some non-speculative hardship, Appellants cannot show the kind of "serious, perhaps irreparable, consequence" required for interlocutory review. *See Carson*, 450 U.S. at 84.

And third, it cannot be said that the *Bond Decision* "can be 'effectually challenged' *only* by immediate appeal." *See Carson*, 450 U.S. at 84 (emphasis added). As noted above, the Act allows the court to waive the bond "if it finds the person has available assets equal to the amount of the proposed bond or for other good cause shown." *See* IDAHO CODE § 48-1707. Because the record is bereft of any evidence showing Appellant had insufficient assets, it could very well be the case that waiver was attainable. *See* Oral Arg. at 2:32–3:00; *id.* at 7:50–7:59. Without having pursued the mechanism that the Act provides to relieve any burden, Appellants cannot plausibly claim that immediate appeal is their only avenue of relief.

We thus do not have jurisdiction pursuant to 28 U.S.C. § 1292.

## II

Next, Appellants argue that we have jurisdiction under the collateral order doctrine as set forth in *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949). Appellants' Op. Br. at 3. In *Cohen*, the Supreme Court held an order denying imposition of a bond to be immediately appealable, as it involved "a final disposition of a claimed right which is not an ingredient of the cause of action and [did] not require consideration with it." 337 U.S. at 546–47. It explained that the order was "in that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to

require that appellate consideration be deferred until the whole case is adjudicated." *Id.* at 546.

"The collateral order doctrine is a narrow exception, whose reach is limited to trial court orders affecting rights that will be irretrievably lost in the absence of an immediate appeal." *Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 430–31 (1985) (internal citation and quotation marks omitted). "The Supreme Court has repeatedly emphasized the limited scope of the collateral order doctrine, explaining that it should 'never be allowed to swallow the general rule that a party is entitled to a single appeal, to be deferred until final judgment has been entered.'" *Mod. Font Applications LLC v. Alaska Airlines, Inc.*, 56 F.4th 981, 984 (Fed. Cir. 2022) (quoting *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 106 (2009)).

"To fall within the exception, an order must at a minimum satisfy three conditions: [i]t must [(1)] 'conclusively determine the disputed question,' [(2)] 'resolve an important issue completely separate from the merits of the action,' and [(3)] 'be effectively unreviewable on appeal from a final judgment.'" *Richardson-Merrell*, 472 U.S. at 431 (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978)). "If any one of these conditions is not met, the collateral order doctrine does not apply, and we lack jurisdiction to review the order in question." *Copan Italia SpA v. Puritan Med. Prods. Co.*, 101 F.4th 847, 851 (Fed. Cir. 2024) (citation omitted).

Here, at a minimum, conditions two and three are not satisfied. In contrast to *Cohen*, the bond issue is "an ingredient of the cause of action." *See* 337 U.S. at 546–47. Indeed, the bond issue is intertwined with the ultimate merits question of Micron's state-law bad faith claims because the same factors which can demonstrate bad faith in the motion to dismiss analysis implicate whether to impose a bond. *See* IDAHO CODE § 48-1707 (requiring a bond where "a target has established a reasonable likelihood that a

person has made a bad faith assertion of patent infringement in violation of this chapter"); *id.* § 48-1703 (enumerating nine factors for a court to consider "as evidence that a person has made a bad faith assertion of patent infringement"); *see also Bond Decision*, 337 F. Supp. 3d at 1160 ("The . . . analysis on the motion to dismiss [regarding the statutory factors] serves also to show that, under the Act, a bond is required"); Appellants' Op. Br. at 24–25 (disputing the merits of the bond imposition by disputing the bad faith factor analysis); *id.* at 12 (requesting we exercise pendent jurisdiction over the motion to dismiss because the bond and dismissal would be "inextricably linked"). Thus, the bond issue is not "completely separate from the merits of the action." *See Richardson-Merrell*, 472 U.S. at 431.

Appellants' arguments to the contrary are unavailing. Appellants argue that the *Bond Decision*, because it was based purely on Micron's allegations, does not go to the final disposition of the merits of the case. Appellants' Op. Br. at 9–10. As stated above, however, an evaluation of the bond is intertwined with the merits of Micron's counterclaim. *See Bond Decision*, 337 F. Supp. 3d at 1160. Any such evaluation would thus violate the second requirement of the collateral order doctrine. *See Mod. Font*, 56 F.4th at 986 (citing *Richardson-Merrell*, 472 U.S. at 439–40).

Furthermore, the *Bond Decision* is not "effectively unreviewable on appeal from a final judgment." *See Richardson-Merrell*, 472 U.S. at 431. A claim that remains "adequately vindicable" on final judgment is not effectively unreviewable under *Cohen*. *See Digit. Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 881 (1992). Generally, a requirement to post a security is not effectively unreviewable following final judgment because repayment of the security with interest would furnish complete relief to an improperly granted bond. *See Kensington Int'l Ltd. v. Republic of Congo*, 461 F.3d 238, 240 (2d Cir. 2006); *Caribbean Trading & Fid. Corp. v. Nigerian Nat'l Petroleum Corp.*, 948 F.2d 111, 114 (2d Cir. 1991); *see also Habitat*

*Educ. Ctr. v. U.S. Forest Serv.*, 607 F.3d 453, 456 (7th Cir. 2010); *Hitachi Zosen Clearing, Inc. v. Tek-Matik, Inc.*, 846 F.2d 27, 29 (6th Cir. 1988).  To the extent that Idaho law governs, it appears that Idaho recognizes the recovery of bond premiums to a prevailing party as a matter of right. *See Bldg. Concepts, Ltd. v. Pickering*, 759 P.2d 931, 935 (Idaho Ct. App. 1988).  Nothing prevents Appellants from seeking a review of the propriety of the bond after final judgment.

Appellants argue that "[t]he punitive aspect of the bond requirement will have already done its irreparable damage if Appellants . . . wait for a final judgment on the merits before they could one day appeal the bond."  Appellants' Op. Br. at 11.  As previously stated, however, there is no evidence in the record that Appellants cannot pay the bond. *See* Oral Arg. at 2:32–3:00, 7:50–7:59.  The speculative nature of Appellants' harm thus weighs against finding jurisdiction.  *See Mod. Font*, 56 F.4th at 985–86 (speculative prejudice weighs against jurisdiction under the collateral order doctrine).  And "[e]ven if [Appellants] were to suffer financial hardship from the [*Bond Decision*], that financial interest is 'not sufficient to set aside the finality requirement imposed by Congress.'"  *Id.* at 986 (quoting *Richardson-Merrell*, 472 U.S. at 436).

Accordingly, we do not have jurisdiction under the collateral order doctrine.  *See Richardson-Merrell*, 472 U.S. at 431.  Indeed, jurisdiction here would permit a "piecemeal, prejudgment appeal" which would "undermine efficient judicial administration and encroach upon the prerogatives of district court judges."  *See Mohawk Indus.*, 558 U.S. at 106 (cleaned up); *see also Mod. Font*, 56 F.4th at 984 ("The limited application of the collateral order doctrine reflects the important policy concerns that 'piecemeal appeals would undermine the independence of the district judge' and hinder judicial efficiency." (quoting *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374 (1981))).

III

Appellants next argue that we have mandamus jurisdiction over the case pursuant to the All Writs Act, 28 U.S.C. § 1651. We disagree. For us to exercise this "extraordinary remedy," Appellants must, *inter alia,* "have no other adequate means to attain the relief [they] desire." *See Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380 (2004) (cleaned up). As discussed at length above, Appellants cannot make this showing because they can challenge the bond in district court by requesting waiver. *See* IDAHO CODE § 48-1707. We thus do not have mandamus jurisdiction.

IV

Finally, Appellants argue that we may review the denial of their motions to dismiss under pendent jurisdiction. Appellants' Op. Br. at 12. We again disagree. We may exercise the doctrine of pendent jurisdiction over an interlocutory order which would ordinarily be nonappealable when it is interrelated factually and interdependent with a properly appealable interlocutory order. *See Procter & Gamble*, 549 F.3d at 846 (citing *Intermedics Infusaid, Inc. v. Regents of Univ. of Minn.*, 804 F.2d 129, 134 (Fed. Cir. 1986)). As we explained, the decision to impose the bond is not a "properly appealable interlocutory order." *See id.* Accordingly, we do not exercise pendent jurisdiction over the denial of the motions to dismiss. *See id.*

CONCLUSION

For the foregoing reasons, we dismiss Appellants' appeal for lack of jurisdiction. We do not reach the issues of preemption or whether the district court abused its discretion in requiring the $8 million bond.

**DISMISSED**