**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**
**Docket No. 42982**

| | | |
|---|---|---|
| PORTFOLIO RECOVERY ASSOCIATES, LLC, ASSIGNEE OF WORLD FINANCIAL NETWORK NATL. BANK-FASHION BUG, | ) ) ) ) | 2015 Unpublished Opinion No. 673 Filed: October 23, 2015 |
| Plaintiff-Respondent, | ) ) ) | Stephen W. Kenyon, Clerk |
| v. | ) ) ) | THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY |
| STEPHANIE D. RUIZ, | ) ) | |
| Defendant-Appellant. | ) ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. D. Duff McKee, District Judge; Hon. James A. Schiller, Magistrate.

Decision affirming denial of attorney fees on intermediate appeal, <u>affirmed in part</u>, <u>reversed in part</u>, and <u>case remanded.</u>

Ryan A. Ballard, Rexburg, for appellant.

Doolittle Law, Chtd.; Michael J. Doolittle, Boise, for respondent.

_____

GUTIERREZ, Judge

Stephanie D. Ruiz appeals from the district court decision affirming, on intermediate appeal, the magistrate's denial of a portion of attorney fees. For the reasons explained below, we affirm in part, reverse in part, and remand.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Portfolio Recovery filed suit against Ruiz, seeking to collect on an alleged debt of $679.31. Ruiz filed a motion for summary judgment, which the magistrate denied. At the close of Portfolio Recovery's evidence during a bench trial, the magistrate dismissed the case because Portfolio Recovery failed to prove the existence of a contract, breach of contract, or damages.

1

Ruiz requested $8,132.06 in attorney fees and costs. The magistrate reduced the requested attorney fees by the amounts claimed for time spent on Ruiz's unsuccessful motion for summary judgment and the amounts claimed for Ruiz's counsel's travel time between Rexburg and Caldwell. The magistrate limited the attorney fee award to $2,234.56. Ruiz appealed the award limitation, and the district court affirmed the award. The district court awarded costs and attorney fees to Portfolio Recovery on intermediate appeal. Ruiz again appeals, arguing the district court erred in determining the magistrate properly denied Ruiz attorney fees relating to her failed motion for summary judgment and relating to counsel's travel time. Ruiz and Portfolio Recovery seek attorney fees in this appeal, and Ruiz seeks attorney fees for the intermediate appeal.

## II.

## ANALYSIS

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate division, this Court's standard of review is the same as expressed by the Idaho Supreme Court. The Supreme Court reviews the magistrate record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *Pelayo v. Pelayo*, 154 Idaho 855, 858-59, 303 P.2d 214, 217-18 (2013). If those findings are so supported and the conclusions follow therefrom, and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure. *Id*. Thus, the appellate courts do not review the decision of the magistrate. *Bailey v. Bailey*, 153 Idaho 526, 529, 284 P.3d 970, 973 (2012). Rather, we are procedurally bound to affirm or reverse the decision of the district court. *Id*.

Attorney fees are recoverable by the prevailing party if provided for by statute or by contract. *Pocatello Hosp., LLC v. Quail Ridge Med. Investor, LLC*, 157 Idaho 732, 742, 339 P.3d 1136, 1146 (2014); *Mecham v. Nelson*, 92 Idaho 783, 789, 451 P.2d 529, 535 (1969). A determination on prevailing parties is committed to the discretion of the trial court and we review the determination on an abuse of discretion standard. *Burns v. Baldwin*, 138 Idaho 480, 486-87, 65 P.3d 502, 508-09 (2003).

The calculation of reasonable attorney fees is also within the discretion of the trial court. *Bott v. Idaho State Bldg. Auth.*, 128 Idaho 580, 592, 917 P.2d 737, 749 (1996). The burden is on the party opposing the award to demonstrate that the court abused its discretion. *E. Idaho Agric.*

2

*Credit Ass'n v. Neibaur*, 133 Idaho 402, 412, 987 P.2d 314, 324 (1999). In assessing whether an award of attorney fees was an abuse of discretion, this Court applies a three-factor test: (1) whether the trial court correctly perceived the issue as one of discretion; (2) whether the trial court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the trial court reached its decision by an exercise of reason. *Burns*, 138 Idaho at 486-87, 65 P.3d at 508-09.

A court may not use the award or denial of attorney fees to vindicate its sense of justice beyond the judgment rendered on the underlying dispute, provide indirect relief from an adverse judgment, or penalize a party for misdeeds during the litigation. *Eighteen Mile Ranch, LLC v. Nord Excavating & Paving, Inc.*, 141 Idaho 716, 720, 117 P.3d 130, 134 (2005); *Evans v. Sawtooth Partners*, 111 Idaho 381, 387, 723 P.2d 925, 931 (Ct. App. 1986). Nevertheless, a court need not blindly accept the figures advanced by the attorney and may disallow fees that were unnecessarily and unreasonably incurred. *Craft Wall of Idaho, Inc. v. Stonebraker*, 108 Idaho 704, 706, 701 P.2d 324, 326 (Ct. App. 1985). Thus, although the time and labor actually expended by an attorney is to be considered, it is also to be evaluated under a standard of reasonableness. *Med. Recovery Servs., LLC v. Jones*, 145 Idaho 106, 110, 175 P.3d 795, 799 (Ct. App. 2007). "An attorney cannot spend his time extravagantly and expect to be compensated by the party who loses at trial. Hence, a court may disallow fees that were unnecessarily and unreasonably incurred or that were the product of attorney churning." *Id.* (internal quotations and citations omitted).

## A.      Motion for Summary Judgment

Ruiz contends the district court erred in determining the magistrate properly denied her attorney fees related to her motion for summary judgment on the basis that Ruiz was not the prevailing party because the court denied the motion. A determination on prevailing parties lies within the discretion of the trial court. *Burns*, 138 Idaho at 486-87, 65 P.3d at 508-09. Idaho Rule of Civil Procedure 54(d)(1)(B) provides guidance for trial courts in determining the prevailing party:

> In determining which party to an action is a prevailing party and entitled to costs, the trial court shall in its sound discretion consider the final judgment or result or result of the action in relation to the relief sought by the respective parties. The trial court in its sound discretion may determine that a party to an action prevailed in part and did not prevail in part, and upon so finding may apportion the costs between and among the parties in a fair and equitable manner after considering all

3

of the issues and claims involved in the action and the resultant judgment or judgments obtained.

Here, the magistrate concluded that Ruiz "ultimately prevailed in this case." However, the magistrate noted that Ruiz "was not the prevailing party on the summary judgment and could have won at trial without the summary judgment." The magistrate indicated that Ruiz should not have brought the summary judgment motion because it "was not necessary." A review of the record, however, reveals that Ruiz won at trial on the same basis she presented in her motion for summary judgment. Ruiz moved for summary judgment on the basis that Portfolio Recovery "failed to produce any contract," "cannot satisfy the necessary elements to prove that a contract existed or that it was breached," and failed to produce "any justification for the amount it seeks in its complaint." At trial, Ruiz moved for a directed verdict because Portfolio Recovery "offered no admissible evidence that there was a contract, that it was breached, or that there was a set amount of damages." The trial evidence was essentially the same as presented at summary judgment. The magistrate reached the same conclusion following the bench trial:

> In this case the only testimony I have is that the defendant did open an account with Fashion Bug. And I think she acknowledged at least making some charges there; however, she doesn't remember the account number. There is no testimony as to what particular account number she is being sued on, that, in fact, it is her account. She says she can't remember whether she paid it off or not. And I don't have any testimony from the plaintiff as to the balance. There's no person from Fashion Bug here to testify, "Hey, you know, we had the account with her. Yeah, that's her one and only account. She didn't pay. Here's the amount that's due. Here's how we calculated interest and late payments. We did sell that subsequently to Portfolio Recovery Associates." I don't have any of that testimony at all. I'm simply--if she owes a balance, which it's not clear to me at this point that she even owes a balance, I'm certainly left to guess if she does what that amount might be. So I agree that the plaintiff has not met its burden of proof, and I am finding for the defendant in this case.

Considering the similarity of issues, it is quite apparent that Ruiz's summary judgment motion had merit.[1] This plainly is not a case in which the attorney fees, as related to the motion for summary judgment, were unnecessarily and unreasonably incurred. Unless a prevailing party is determined to have prevailed only in part, that party is entitled to its full reasonable attorney fee. *Irwin Rogers Ins. Agency, Inc. v. Murphy*, 122 Idaho 270, 277, 833 P.2d 128, 135 (Ct. App. 1992). Accordingly, the district court erred when it determined that the magistrate did not abuse

---

[1] The magistrate ruled that certain exhibits offered by Portfolio Recovery at trial were inadmissible. A similar ruling at summary judgment would have attained the same result.

its discretion in disallowing fees relating to the motion. Ruiz, as the sole prevailing party, is entitled to reasonable attorney fees related to the motion for summary judgment.

**B.      Travel Time**

Ruiz next argues the magistrate erred in disallowing attorney fees for counsel's travel time. While there is no rule that expressly permits reimbursement for an attorney's travel time costs, I.R.C.P. 54(d)(1)(D) permits a judge to award discretionary costs. Here, the travel time added up to $4,077.50, more than half of the total requested attorney fees and costs. The amount was the result of Ruiz hiring an attorney who lived in Rexburg, five hours away from the Caldwell court proceedings. This case is a collection action, not a complex litigation case which might require out-of-town or even out-of-state attorneys. While Ruiz may hire an attorney of her choosing, reimbursement for her attorney's travel time still imposes a requirement that the attorney fees be reasonably incurred. For instance, in *Smith v. Mitton*, 140 Idaho 893, 902, 104 P.3d 367, 376 (2004), the Supreme Court held that the district court did not abuse its discretion when it deducted travel fees claimed by the attorneys. The district court in *Smith* reasoned that a defendant should not be required to pay the travel costs of lawyers living outside the area. *Id.* The Supreme Court determined that the district court "reached its decision by an exercise of reason." *Id.*

Moreover, while Idaho case law does not address whether attorneys generally may be reimbursed for time spent traveling, a Washington case addressed the issue. In *Roberson v. Perez*, 96 P.3d 420, 433 (Wash. Ct. App. 2004), the court adopted a Florida court's holding that travel time is generally not compensable unless attorney fees are awarded as a sanction. Because this Court declines to award fees as sanctions and because Ruiz hired an attorney who lived hours from the area, the district court did not err in determining the magistrate did not abuse its discretion in disallowing travel time fees.

**C.      Attorney Fees on Appeal**

Finally, both Ruiz and Portfolio Recovery contend they are entitled to fees on appeal. "[A]s a general rule, attorney fees are not awarded on appeal except pursuant to 'a statute or contractual provision authorizing an award of attorney fees on appeal.'" *Int'l Real Estate Solutions, Inc. v. Arave*, 157 Idaho 816, 822, 340 P.3d 465, 471 (2014) (quoting *Ticor Title Co. v. Stanion*, 144 Idaho 119, 127, 157 P.3d 613, 621 (2007)). For instance, a reference to Idaho

Appellate Rule 41 is insufficient. *State ex rel. Wasden v. Daicel Chemical Indus., Ltd.*, 141 Idaho 102, 109, 106 P.3d 428, 435 (2005).

Here, the parties seek attorney fees pursuant to Idaho Code § 12-120, but neither party cites a specific provision. Presumably, the parties seek fees pursuant to I.C. § 12-120(3), which governs attorney fees in commercial transactions. But, if the party seeks an award of attorney fees under Idaho Code § 12-120(3) on the ground that the case is an action to recover in a commercial transaction, the party should, to the extent necessary, provide facts, authority, and argument supporting the claim that the case involves a "commercial transaction" and that such transaction is the gravamen of the lawsuit. *Bream v. Benscoter*, 139 Idaho 364, 369-70, 79 P.3d 723, 728-29 (2003). Neither party provided such information in the appeal briefings. Accordingly, we deny attorney fees on appeal to both parties.[2]

## III.

## CONCLUSION

The district court erred in determining the magistrate did not abuse its discretion when it disallowed attorney fees relating to Ruiz's motion for summary judgment. However, the district court did not err in determining the magistrate did not abuse its discretion in disallowing counsel's travel time fees. Finally, neither party is entitled to attorney fees or costs on appeal. Therefore, we affirm in part, reverse in part, and the case is remanded.

Judge GRATTON and Judge HUSKEY **CONCUR**.

---

[2] Because we reverse on the motion for summary judgment issue, we vacate the district court's award of attorney fees to Portfolio Recovery on intermediate appeal and leave the issue of attorney fees for the district court on remand.