**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 47864**

| | | |
|---|---|---|
| ACTION COLLECTION SERVICE, INC., an Idaho Corporation, | ) ) ) | Filed: September 1, 2021 |
| Plaintiff-Respondent, | ) ) | Melanie Gagnepain, Clerk |
| v. | ) ) | THIS IS AN UNPUBLISHED |
| HARMONY L. BLACK, aka HARMONY L. MCCULLOUGH, | ) ) ) | OPINION AND SHALL NOT BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) ) ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. George D. Carey, District Judge.

Judgment awarding attorney fees, <u>vacated</u>; and case <u>remanded</u> for entry of judgment.

Thomas J. Katsilometes, Boise, for appellant.

Shaun R. Bonney, Boise, for respondent.

_____

HUSKEY, Chief Judge

Harmony L. Black appeals from the district court's judgment awarding her attorney fees. Black asserts that the district court abused its discretion by only awarding $4,000.00 in attorney fees rather than the $62,190.00 she requested. Because the district court did not reach its decision to reduce the request for attorney fees through an exercise of reason, we vacate the judgment awarding $4,000.00 in attorney fees and remand the case for entry of judgment in the amount of $62,190.00. Costs are awarded to Black on appeal.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Black has now spent nearly fifteen years involved in litigation and incurred thousands of dollars in attorney fees to defend against a collection action brought by Action Collection Services (Action Collection) for which there was never a legally cognizable debt or a valid assignment to Action Collection. Black had wages garnished (albeit later returned), lost financial aid

1

opportunities, and spent years involved in a lawsuit in which she was the prevailing party in each of the three prior appeals. In this appeal, as in the last appeal, Black challenges the more than ninety percent reduction of her attorney fees request, arguing the district court's decision was an abuse of discretion. We agree with Black and hold the district court abused its discretion in reducing the attorney fee award by more than ninety percent.

Some background is necessary given the procedural history of this case. In 2007, Black's daughter was placed in the Idaho Department of Juvenile Corrections' (Department) custody and eventually the Department sought reimbursement from Black for the cost of care and treatment provided to her daughter. *Action Collection Service, Inc. v. Black*, 163 Idaho 268, 269, 411 P.3d 312, 313 (Ct. App 2017). Despite the absence of any court order requiring reimbursement or compliance with the relevant statutory process to obtain a court order, the Department unilaterally determined Black was required to reimburse the Department $235.00 for each month Black's daughter was in the custody of the Department. *Id.* Eventually, Black made two payments and thereafter, made no further payments. *Id.* The Department determined that Black owed a remaining balance of $4,465.00. *Id.*

In December 2009, the Department assigned the alleged debt to Action Collection. *Id.* After Action Collection's attempts to collect from Black were unsuccessful, it filed a collection action against Black for $5,938.00, representing the alleged debt, prejudgment interest, and a thirty-three percent collection fee. *Id.* Black, unable to afford an attorney, represented herself in defending against the action. She alleged, in part, that she had not been given the opportunity to verify the existence of the debt or the proposed amount of interest and, therefore, was not responsible for the alleged debt. *Action Collection Service, Inc. v. McCullough*, Docket No. 41928 (Ct. App. Jan 22, 2015) (unpublished). [1] Action Collection filed a motion for summary judgment and after a hearing, the magistrate court granted the motion and awarded Action Collection $9,957.92, representing $5,938.45 in principal, $1,306.47 in interest, $2,595.00 in attorney fees, and $118.00 in costs. To collect on the debt, Action Collection began garnishing Black's wages.

Black appealed to the district court. The district court expressed concern about the validity of the debt "in that there does not appear to be any judicial order in the juvenile court fixing liability

---

[1] We note that pursuant to Idaho Supreme Court Operating Rule 15(f), unpublished cases are not to be cited to as authority. However, we are not citing to this case as authority, but instead, as part of the procedural history of this action.

on [Black], no administrative proceeding, <u>after</u> notice to [Black] and hearing, fixing liability on [Black], or any agreement or stipulation by [Black] accepting liability for the claimed debt." Ultimately, the district court vacated the judgment and remanded the case to the magistrate court. Action Collection appealed the district court's decision in Docket No. 41928. On appeal, this Court held that Action Collection failed to meet its summary judgment burden of showing the existence of a valid debt, affirmed the district court's decision on an alternative legal theory, and remanded the case to the magistrate court. *Action Collection Serv., Inc. v. McCullough*, Docket. No. 41928 (Ct. App. Jan 22, 2015) (unpublished). This Court determined Black was the prevailing party and awarded costs on appeal. *Id.*

Upon remand, Action Collection renewed its motion for summary judgment; Black filed an answer and counterclaims. Black's counterclaims requested:

> immediate return of all garnished wages that was exacted from her without due process or notice of service of the garnishment . . . plus compensation for the extra charges incurred by the garnishment for an illegitimate debt, precipitating a forbearance on Harmony Black's student loans that caused an increase in payments of $30 per month for the next 15 years + the compounded and capitalized interest for the reason that the alleged plaintiff has failed to show proof of a legal debt.

Black also moved for dismissal of the complaint because there was no order or stipulation that obligated her to repay the alleged debt. The magistrate court denied Black's motion for summary judgment, but ordered Action Collection to return all funds it had garnished.

Thereafter, Action Collection filed an amended complaint. Black filed an answer in which she denied all claims and sought attorney fees pursuant to several different statutes. In a section entitled "Prayer For Relief," Black moved the magistrate court to dismiss the case, enjoin Action Collection from further pursuing the claim, award her attorney fees, and order any other relief it deemed equitable. Black did not explicitly reassert any counterclaims. Because of the increasing complexity of the case, Black retained an attorney, who entered an appearance in January 2016.

In February 2016, the magistrate court conducted one day of trial. The magistrate court set the second day of trial for March 2016, but subsequently identified a conflict with the case and voluntarily disqualified itself from the proceedings. After several other magistrate court judges identified similar conflicts, the case was assigned to the district court. Before the second day of trial recommenced, various motions were filed and heard, including a motion from Action Collection requesting that the court determine the status of Black's counterclaims. The district court held a hearing and found that because Black's amended answer did not include any

3

counterclaims and the amended answer superseded the original answer, "any counterclaim that Ms. Black may have presented in her earlier submission is no longer at issue before the court. . . . Consequently, there is no counterclaim in this case to be decided by the court."

In July 2016, the district court held the second day of trial. The district court found in favor of Action Collection and entered judgment against Black for $3,564.40. Action Collection filed a memorandum and affidavit of attorney fees and costs requesting $45,815.00 in attorney fees, asserting it spent 261.8 hours on the case at the rate of $175.00 per hour. Upon consideration, the district court awarded Action Collection $3,500.00 in attorney fees. Black appealed in Docket No. 44466 from the district court's judgment in favor of Action Collection. On appeal, this Court held that the Department's unilateral determination of what it believed was a reasonable amount for Black to pay as a monthly reimbursement for her daughter's care was established in the absence of a court order and in violation of the statutory provisions requiring a hearing and court order. *Action Collection*, 163 Idaho at 272, 411 P.3d at 316. As a result, this Court found the Department never validly created a debt for which Black was responsible. Because there was no debt owed, there was no valid assignment of a debt from the Department to Action Collection and, as a result, Black owed neither the Department nor Action Collection the amount in the previously imposed judgment. *Id.* Accordingly, we vacated the district court's judgment awarding Action Collection $3,546.40. *Id.* at 273, 411 P.3d at 317. As the prevailing party, Black was awarded costs on appeal.

Because she was the prevailing party, Black filed a motion in the district court seeking $62,190.00 in attorney fees. The district court concluded that Black was the prevailing party, but awarded Black only $4,000.00 in attorney fees, representing more than a ninety-percent reduction in the attorney fee award Black sought. After the district court denied Black's motion to reconsider the attorney fees award, Black again appealed in Docket No. 46116. On appeal, we held that because the district court's decision awarding only $4,000.00 in attorney fees did not expressly reflect why the court concluded the requested attorney fee award of $62,190.00 was unreasonable, the court did not provide sufficient reasoning for limiting the award. *Action Collection Serv., Inc. v. Black*, Docket No. 46116 (Ct. App. May 31, 2019) (unpublished). Accordingly, we vacated the part of the judgment ordering $4,000.00 in attorney fees and remanded the case for further proceedings. *Id.* Again, Black was the prevailing party on appeal.

4

On remand, the district court issued a decision articulating its reasons for its award of $4,000.00 in attorney fees to Black. This decision was identical to the decision at issue in Docket No. 46116 in terms of identifying the Idaho Rules of Civil Procedure 54(e)(3) factors. However, the district court added a section in which it attempts to provide "a clear explanation connecting the district court's consideration of those factors with the amount of attorney fees awarded," highlighting the factors it found of particular importance to its decision. The district court entered a judgment reflecting an award of $4,501.00, representing $4,000.00 in attorney fees and $501.00 in costs. Black timely appeals.

## II.

## STANDARD OF REVIEW

The amount of attorney fees to be awarded is a decision committed to the discretion of the trial court. *H2O Envtl., Inc. v. Farm Supply Distributors, Inc.*, 164 Idaho 295, 297-98, 429 P.3d 183, 185-86 (2018). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018).

## III.

## ANALYSIS

Black alleges the district court abused its discretion in its decision to reduce the attorney fee award by more than ninety percent from the amount requested and award $4,000.00 in attorney fees. Black argues the district court did not reach its decision to reduce the amount awarded through an exercise of reason because the court's articulation of the reasons it reduced the award were neither sufficient nor clearly connected to the reduction of the award. In response, Action Collection argues the district court did not abuse its discretion in its award of attorney fees pursuant to the factors set forth in I.R.C.P. 54(e)(3). Further, Action Collection argues the decision to reduce the attorney fee award was not an abuse of discretion because Black's attorney's documentation of his hours improperly included hours for work done prior to his notice of appearance and in pursuit of an unsuccessful counterclaim. Further, Action Collection argues the district court

5

correctly found that Black's attorney failed to establish the prevailing rate for like work in the community. Each party seeks attorney fees and costs on appeal.

## A. The District Court Abused Its Discretion in Its Award of $4,000.00 in Attorney Fees

Idaho Code § 12-120(1) authorizes the award of reasonable attorney fees to the prevailing party in a civil action where the amount pleaded is less than $35,000.00, and I.C. § 12-120(3) authorizes the award of reasonable attorney fees to the prevailing party in certain delineated civil actions. At a minimum, to properly exercise its discretion on a request for attorney fees, a trial court must consider the twelve factors outlined in I.R.C.P. 54(e)(3). *Med. Recovery Servs., LLC v. Merritt*, 163 Idaho 699, 703-04, 417 P.3d 1025, 1029-30 (Ct. App. 2018). These factors are:

> (A) the time and labor required; (B) the novelty and difficulty of the questions; (C) the skill requisite to perform the legal service properly and the experience and ability of the attorney in the particular field of law; (D) the prevailing charges for like work; (E) whether the fee is fixed or contingent; (F) the time limitations imposed by the client or the circumstances of the case; (G) the amount involved and the results obtained; (H) the undesirability of the case; (I) the nature and length of the professional relationship with the client; (J) awards in similar cases; (K) the reasonable cost of automated legal research (Computer Assisted Legal Research), if the court finds it was reasonably necessary in preparing a party's case; and (L) any other factor which the court deems appropriate in the particular case.

I.R.C.P. 54(e)(3).

The trial court is required to consider the existence and applicability of each factor without placing undue weight or emphasis upon any one element. *Nalen v. Jenkins*, 113 Idaho 79, 81, 741 P.2d 366, 368 (Ct. App. 1987). While the trial court need not specifically address all of the factors in writing, the record must clearly indicate that it considered each factor, *Boel v. Stewart Title Guar. Co.*, 137 Idaho 9, 16, 43 P.3d 768, 775 (2002), and reasonably applied them in the court's determination of the amount of attorney fees to be awarded. *H2O Envtl.*, 164 Idaho at 300, 429 P.3d at 188.

A trial court may not use the award or denial of attorney fees to vindicate its sense of justice beyond the judgment rendered on the underlying dispute, provide indirect relief from an adverse judgment, or penalize a party for misdeeds during the litigation. *Med. Recovery*, 163 Idaho at 704, 417 P.3d at 1030. Nevertheless, a trial court need not blindly accept the figures advanced by the attorney and may disallow fees that were unnecessarily and unreasonably incurred. *Id.* Ultimately,

6

the overarching legal standard for an award of attorney fees is one of reasonableness. *H2O Envtl.*, 164 Idaho at 300, 429 P.3d at 188.

Here, the district court addressed the factors set forth in I.R.C.P. 54(e)(3) in its initial decision awarding Black $4,000.00 in attorney fees. Upon remand, the district court reiterated those identical factual findings as follows:

(A)     Time and labor required. The district court found the case involved a collection action "for a four-figure award arising from provision of care and treatment by IDOC to Ms. Black's minor child. In addition, Ms. Black filed an unsuccessful counter claim." The court also found that Black's attorney "documented 207.3 hours of billable time expended on the case" and attached documents to his declaration demonstrating the nature of services performed for each recorded instance.

(B)     Novelty and difficulty of the questions. The district court concluded "that the legal and factual issues required a reasonable working knowledge of juvenile corrections law and collections."

(C)     Requisite skill to perform the legal service properly and the experience and ability of the attorney in the particular field of law. The district court noted that Black's counsel received a law degree in 1989 from the University of Utah and is currently a member of the Idaho State Bar.

(D)     Prevailing charges for like work. The district court noted counsel's stated billing rate of $300 per hour, but indicated it had "no information on the going rate for litigators in the Third District in general." The district court also indicated it had "never previously" had a claim "for such a high hourly rate" in the Third District. The district court further rejected counsel's reliance on *Idaho Military Historical Soc'y, Inc. v. Maslen*, 156 Idaho 624, 329 P.3d 1072 (2014), for the reasonableness of a $73,000.00 attorney fee award because the attorney fee request in that case was based on the frivolousness standard in I.C. § 12-121, which was not the basis for Black's attorney fee request.

(E)     Whether the fee is fixed or contingent. The district court stated it had "no specific information other than the representation of [Black's counsel] that effectively he was representing Ms. Black on a contingent basis."

(F)     The time limitations imposed by the client or the circumstances of the case. The district court found "no evidence of extraordinary time constraints."

7

(G)     The amount involved and the results obtained.  The district court noted that the amount involved "was well under $10,000.00" and the result was "twofold" because "Black did not have a monetary judgment entered against her" but her counterclaim was dismissed.

(H)     The undesirability of the case.  The district court acknowledged that Black's counsel claimed that "defending against collection claims generally is regarded as undesirable work."

(I)     The nature and length of the professional relationship with the client.  The district court stated it had "no information on this issue."

(J)     Awards in similar cases.  The district court characterized this factor as "unknown."

(K)     The reasonable cost of automated legal research.  The district court also characterized this factor as "unknown."

(L)     Other factors the court deems appropriate in the particular case.  The district court noted that this Court "indicated that attorney's fees on appeal should not be awarded."  The district court also rejected Black's request to apply a federal method to determining attorney fees.

Additionally, the district court highlighted the four factors that led to its conclusion that the reduced $4,000.00 award of attorney fees was reasonable:  the amount involved and the results obtained; the time and labor required; whether the fee was fixed or contingent; and the prevailing charges for like work.  Further, the district court considered the presence of Black's counterclaim and the type of case as other factors that supported its reduced attorney fee award.  While the district court properly recognized the awarding of attorney fees as an act of discretion and acted within the bounds of such discretion by considering the relevant factors, a review of the court's analysis demonstrates it did not reach its decision through an exercise of reason.

1.     **Analysis of Amount Involved and the Results Obtained**

The district court determined that an analysis of the amount involved and the results obtained, pursuant to I.R.C.P. 54(e)(3)(G), warranted a reduction in the award of attorney fees. While a trial court must consider the amount involved in the case and the results obtained, Idaho courts have consistently held that the amount of attorney fees awarded does not need to be commensurate with the underlying claim.  *Boel*, 137 Idaho at 16, 43 P.3d at 775 ("The amount of attorney fees need not be proportional to the amount of damages awarded."); *Smith v. Great Basin*

8

*Grain Co.*, 98 Idaho 266, 281, 561 P.2d 1299, 1314 (1977) ("We must also disagree with defendants' argument that the amount of an award of attorney's fees must bear a reasonable relationship to the amount of the judgment."); *DesFosses v. DesFosses*, 122 Idaho 634, 638, 836 P.2d 1095, 1099 (Ct. App. 1992) ("[T]he amount of an award of attorney fees need not bear a reasonable relationship to the amount of the judgment."); *Meldco, Inc. v. Hollytex Carpet Mills, Inc.*, 118 Idaho 265, 271, 796 P.2d 142, 148 (Ct. App. 1990) ("Rule 54(e)(3) nowhere indicates that the amount of an attorney fee award must be proportionate to the size of the damages award.").

Here, the district court found "[t]he amount of attorney's fees claimed bears no reasonable relationship to the amount of potential liability faced by Ms. Black. The amount actually awarded, however, does bear a reasonable relationship to her potential liability." The district court equated the initial amount of potential liability at issue with the award of attorney fees, but in doing so, ignored the above case law. Moreover, the district court placed undue emphasis on the initial amount involved as compared to the results obtained. For example, the district court did not address that Black never owed the amount at issue and was the prevailing party each time this case has been appealed.

On appeal, Action Collection argues the reduction of attorney fees reflected the district court's assessment of the results Black obtained because the district court found Black was unsuccessful on her counterclaims and that a court can properly consider this fact in awarding attorney fees. In determining which party to an action is a prevailing party and entitled to costs, the trial court must, in its sound discretion, consider the final judgment or result of the action in relation to the relief sought by the respective parties. In finding which party prevailed in an action where there are claims and counterclaims between opposing parties, the trial court determines who prevailed "in the action." *Eighteen Mile Ranch, LLC v. Nord Excavating & Paving, Inc.*, 141 Idaho 716, 719, 117 P.3d 130, 133 (2005). "That is, the prevailing party question is examined and determined from an overall view, not a claim-by-claim analysis." *Id.*

Here, the district court found that Black was the prevailing party. Nonetheless, the district court reduced the attorney fee award, at least in part, because Black was "totally unsuccessful in asserting her counterclaim." To the extent that is a factual finding, it is unsupported by the record. To the extent it addresses the reduction in fees, it fails to address why the lack of success on one small part of a case would result in more than a ninety-percent reduction in fees for a prevailing party.

9

After Action Collection filed its initial complaint, Black filed an answer, which contained a counterclaim. The counterclaim asked for the action to be dismissed because Black did not owe the debt, for her garnished wages to be returned, and for any other relief the magistrate court felt was appropriate. The magistrate court granted Black's request that her garnished wages be returned. At that time, the magistrate court also ordered the parties to file an amended complaint and an amended answer, respectively. Action Collection filed the amended complaint, and Black filed an answer to that complaint. Black's amended answer did not contain any counterclaims.

Thereafter, Action Collection filed a motion to clarify whether Black had any pending counterclaims. Action Collection argued that Black's amended answer did not include any counterclaims and, thus, she abandoned any previously filed counterclaims. Black's attorney argued any counterclaims other than the one granted were still viable. Following a hearing, the district court held that the amended answer superseded the original answer, the amended answer did not include any counterclaims and, thus, "any counterclaim that Ms. Black may have presented in her earlier submission is no longer at issue before the court. . . . Consequently, there is no counterclaim in this case to be decided by the court." Thus, Black prevailed, at least in part, on her initial counterclaim because she received a return of her garnished wages and thereafter, there were no other counterclaims asserted. As a result, the district court's finding that Black was "totally unsuccessful" in her counterclaim is factually incorrect. However, even if Black had been unsuccessful on some of her counterclaims, the district court provided no explanation why that would warrant a more than ninety-percent reduction in the attorney fees award. When addressing a similar issue, the Idaho Supreme Court reasoned in *Eighteen Mile Ranch*:

> the district court focused too much attention on the Company's less than tremendous success on its counterclaim and seemingly ignored the fact that the Company avoided all liability as a defendant. The district court improperly undervalued the Company's successful defense. Avoiding liability is a significant benefit to a defendant. In baseball, it is said that a walk is as good as a hit. The latter, of course, is more exciting. In litigation, avoiding liability is as good for a defendant as winning a money judgment is for a plaintiff. The point is, while a plaintiff with a large money judgment may be more exalted than a defendant who simply walks out of court no worse for the wear, courts must not ignore the value of a successful defense.

*Eighteen Mile Ranch, LLC*, 141 Idaho at 719, 117 P.3d at 133.

Black successfully defended against Action Collection's claim; was the prevailing party in all three appeals; and prevailed, at least in part, on her initial counterclaim. Because the district

10

court's factual findings and conclusion are not supported by the record, the court's decision to reduce the award of attorney fees by more than ninety percent based on this justification was not reached by an exercise of reason.

## 2.   Analysis of the Time and Labor Required

The district court determined that an analysis of the time and labor required by the case, pursuant to I.R.C.P. 54(e)(3)(A) warranted a reduction in the award of attorney fees. The time and labor expended is a factor that a court should consider in its determination of an attorney fee award; it, like all I.R.C.P. 54(e)(3) factors, is to be considered under a standard of reasonableness. *Lettunich v. Lettunich*, 141 Idaho 425, 435, 111 P.3d 110, 120 (2005). A trial court is within its discretion to determine if the time and labor expended by an attorney was unreasonable, but it is inappropriate to make this determination on pure conjecture. *Johannsen v. Utterbeck*, 146 Idaho 423, 433, 196 P.3d 341, 351 (2008). As such, an attorney fee award based on guesswork of what an attorney should have spent on the case is inappropriate. *Id.* (holding trial court's vague statement that it knows what is excessive and what is reasonable based on court's personal litigation experience constituted pulling award of attorney fees "out of thin air").

Here, the district court found that:

> [a] person who has practiced law as long as Ms. Black's attorney should have realized that spending over 200 hours on this type of case was not an "efficient" or "required" use of attorney time. If he wanted to spend that much time on this case that was his right, subject to ethical obligations owed to his client. It was not, however, reasonable to expect that the other side should pay for his time if it went beyond what was required in view of the amount involved.

As it expressed in *Action Collection Service, Inc. v. Black*, Docket Nos. 44466 and 46116, and reiterated in this case, the district court believed it should not

> become enmeshed in a meticulous analysis of every detailed facet of the professional representation. . . . It should not conduct a minute evaluation of each phase or category of counsel's work. It need not inquire separately into the components of the legal representation, to-wit: pleadings, discovery, court appearances, motions, and trial.

This Court addressed that rationale in *Action Collection*, Docket No. 46116 and noted that although the district court took that position, "[n]evertheless in some instances it may be necessary to make a detailed and meticulous itemized investigation of the claimed fees in order to exercise judicial discretion in a proper manner." *Id.* Despite that guidance, on remand, the district court did not engage in any detailed review of the time and, thus, did not identify what was inefficient

or unreasonable about Black's attorney's use of time. In order to conclude that an attorney spent his or her time inefficiently or unreasonably, the trial court must do more than make a conclusory statement that the work is not efficient or required; the court must point to some category of work or specific activity that demonstrates that inefficiency. Because the district court declined to review in any detail the way in which Black's attorney spent his time, it failed to identify any actions that were not required or were duplicative.

Action Collection argues the district court's decision to reduce the amount of attorney fees awarded was not an abuse of discretion because Black's attorney's documentation of his hours improperly included hours of work prior to the filing of his notice of appearance in the proceeding and time spent pursuing an unsuccessful counterclaim. Action Collection also points to several cases where general reductions of attorney fees have been affirmed on appeal. Neither Action Collection's arguments, nor the case law it cites, support the district court's reduction in the award of attorney fees in this case.

First, we note that when Action Collection was erroneously deemed to be the prevailing party, it submitted a request for attorney fees indicating it had spent 261.8 hours by July 2016, a number of hours greater than the 207.3 hours for which Black's attorney sought compensation. Moreover, Action Collection is not challenging the 207.3 hours as unreasonable; but instead, argues only that Black should not be awarded attorney fees for work done prior to the filing of the formal notice of appearance.

As to the hours spent prior to the formal appearance, in the memorandum supporting the attorney fee award, the district court found "[i]t is probable that [Black's counsel] provided legal counsel to Ms. Black prior to his formal appearance." Action Collection does not challenge this finding and it is supported by the record. Black's attorney filed a declaration with the district court attesting that: "I began representing my client on June 27th, 2015. Due to my client's limited means, in light of the original amount alleged in the Complaint, to reduce the cost of litigation, and in the hope that settlement could be achieved, I did not enter appearance at that time"; "I advised my client behind the scenes from June 28th, 2015 until I entered my formal appearance on January 21, 2016"; and "I incurred 40.9 hours in this behind the scenes representation of my client. When the Court had ruled against client on several issues she became overwhelmed with the proceedings, I determined that it was necessary to enter my formal appearance." Thus, Black's attorney incurred the time after the complaint was filed, but prior to entering a formal appearance.

12

Accordingly, the district court's finding that Black's attorney worked on the case prior to entering his notice of appearance is supported by substantial and competent evidence. Moreover, even if the district court declined to award attorney fees for work done prior to the filing of the formal notice of appearance, it did not reduce the award by the 40.9 hours Black's attorney spent during that time.

Second, as discussed above, Black did not pursue an unsuccessful counterclaim. While it is true that at one hearing, Black's attorney argued the counterclaim was still viable even though it was not included in the amended answer, the district court found any counterclaims had been abandoned and, as a result, there were no counterclaims before the court for decision. As such, the counterclaim was not unsuccessful. Instead, Black had abandoned it. And even if this were not the case, the district court expressly declined to make any finding about how many hours were spent on any particular issue or category of work or what it believed a reasonable amount of time and labor would be and consequently, did not reduce the award commensurate with the amount of time expended on the alleged counterclaim.

Finally, although Action Collection points to *Smith v. Glenns Ferry Highway District*, 166 Idaho 683, 462 P.3d 1147 (2020) and *Med. Recovery Servs., LLC v. Jones*, 145 Idaho 106, 175 P.3d 795 (Ct. App. 2007)[2] as support for its arguments, those cases are unpersuasive. The *Smith* case arose out of a claim for wrongful termination in violation of Idaho's Whistleblower Act. *Smith*, 166 Idaho at 686, 462 P.3d at 1150. The district court indicated it would use the jury verdict as advisory for any front pay money Smith sought. *Id*. at 687, 462 P.3d at 1151. The jury awarded Smith both front pay and back pay, but the trial court rejected the jury's verdict awarding front pay and entered a reduced amount. *Id*. The district court also reduced Smith's attorney fees from an hourly rate of $400.00 per hour, for a total of $203,131.00, to an hourly rate of $325.00 per hour, for a total of $168,177.00, an amount less than Smith had contracted to pay. *Id*. at 701-02, 462 P.3d at 1165-66. Smith appealed. *Id*. at 687, 462 P.3d at 1151.

On appeal, the Idaho Supreme Court held the district court erred in reducing the amount of front pay; in refusing to include certain jury instructions (although such failure was harmless); and

---

[2]    Action Collection also cites to *Aspire Properties LLC v. Howell*, Docket No. 46573 (Ct. App. April 8, 2020) (unpublished). However, Supreme Court Operating Rule 15(f) expressly prohibits citing unpublished cases as authority. As such, we decline to consider this authority.

13

in denying post-judgment interest on the jury's award. *Id.* at 695, 698-99, 700, 462 P.3d at 1159, 1162-63, 1164. As to the attorney fees issue, the Court found the district court abused its discretion in reducing its award of attorney fees because the trial court did not act consistently with the I.R.C.P. 54(e)(3) factors. *Smith*, 166 Idaho at 700, 462 P.3d at 1164. First, the Court noted "the comparison of the hourly rates of plaintiffs' counsel and defense counsel is like comparing apples and oranges, especially in a whistleblower case." *Id.* The Court reasoned that:

> The trial court's decision, even while purportedly considering I.R.C.P. 54(e)(3)(D) and (J), does not adequately explain why it chose to reduce the requested hourly rate from $400 to $325 given the legal experience of Smith's counsel. The trial court spent four pages in analysis, examining the awards it had given in similar cases (all of which resulted in higher hourly rates) before simply stating that the hourly rate of $400 was "not reasonable *in this case.*" (Italics added.) However, the trial court did not explain *why* it was unreasonable.

*Smith*, 166 Idaho at 702, 462 P.3d at 1166. The Court vacated the award and remanded the case for reconsideration. *Id.*

In *Medical Recovery Services* (M.R.S.), a debt collection agency filed a complaint in September 2005 against Jones to recover money Jones owed a hospital. *Med. Recovery Servs.*, 145 Idaho at 108, 175 P.3d at 797. The amount at issue was $637.00 plus $26.60 in prejudgment interest. *Id.* Jones met with M.R.S.'s attorney but the two were unable to reach a resolution. *Id.* Nonetheless, Jones acknowledged she owed the debt, and on October 24, she paid the hospital directly. *Id.* Thereafter, she filed an answer to the complaint, admitting the allegations. *Id.* M.R.S. then moved for a judgment on the pleadings and sought attorney fees incurred in the action. *Id.*

At the hearing on the motion, the magistrate court indicated it usually awarded one-third of the principal amount for attorney fees, which would be approximately $200.00. *Id.* At the conclusion of the hearing, despite not having a memorandum of costs and fees, the magistrate court awarded M.R.S. $200.00 in attorney fees. *Id.* at 109, 175 P.3d at 798. M.R.S. then filed a motion for attorney fees for of $1,860.75, along with affidavits. The magistrate court denied the motion and confirmed the original award of $200.00. M.R.S. appealed to the district court, which affirmed the magistrate court. *Id.* M.R.S. again appealed. *Id.*

On appeal, this Court affirmed the $200 award of attorney fees. *Id.* at 111, 175 P.3d at 800. We considered that Jones tried to resolve the entire case with M.R.S.'s attorney:

> Neither party in this case presented evidence of what transpired during their conversations; they merely made unsworn assertions during the hearings. Regardless of the content of their conversations, it is undisputed that Jones

14

telephoned M.R.S.'s attorney the day after service of the complaint, met with him the day after that, and four days later paid the full principal amount to the original creditor via a credit card charge. Jones contends that she expressed her willingness to fully settle the matter, including paying attorney fees, but that after she paid the debt directly to the hospital, M.R.S.'s attorney was angry and refused to state an amount for fees. The attorney disagreed with some of Jones's depiction of their conversations, but admitted that he never gave her a specific figure that would resolve the attorney fee claim before preparing his motion for judgment on the pleadings, thereby expending more time and increasing the fees. After Jones paid the underlying debt, virtually all of the attorney's services were undertaken in pursuit of an award of attorney fees.

*Id.*

Neither of these cases stand for the general proposition that a trial court can dramatically reduce attorney fees without a finding that the hourly rate or number of hours was unreasonable. In order to find the number of hours spent unreasonable, the trial court must do more than generally assert it found the number of hours to be "inefficient." Unlike *Medical Recovery*, the district court did not find, and nothing in the record supports such a finding, that Black's attorney spent "virtually all" or even most of his time in pursuit of an award of attorney fees. Instead, according to his declaration, his time was spent in essentially pro bono representation (albeit with the hope of attorney compensation under the fee statutes and rules) in a case where Black had no liability on an alleged debt and Action Collection had no valid assignment of the alleged debt. Without Action Collection doggedly pursuing this case, it would not have been necessary for Black's attorney to spend a commensurate amount of time defending the case. Consequently, we do not find either *Smith* or *Medical Recovery* applicable or persuasive in this context. Accordingly, the district court's conclusory determination that Black's attorney's time was not efficient or required was not sufficiently supported for this Court to conclude that it was reached through an exercise of reason.

### 3. Analysis of Whether the Fee is Fixed or Contingent

The district court determined that an analysis of whether the fee is fixed or contingent, pursuant to I.R.C.P. 54(e)(3)(E) supported the reduction in the award of attorney fees. Whether the fee is fixed or contingent is a factor the trial court must consider pursuant to I.R.C.P. 53(e)(3)(E), but the rule does not further explain how courts should weigh this factor. However, the Idaho Supreme Court recently emphasized that trial courts must weigh this factor "in light of the function of contingency fees in our legal system--to enable those who are unable to pay hourly fees to secure representation and to compensate attorneys reasonably for the risks

15

they have taken in representing the client" because such arrangements involve risk and uncertainty for attorneys about the amount of time and money that will be required to obtain recovery; and, uncertainty about how much time will be required to obtain recovery. *Burns Concrete, Inc. v. Teton Cty.*, 168 Idaho 442, 462, 483 P.3d 985, 1005 (2020). As such, it is appropriate to award attorney fees, even if the prevailing party never actually incurred any attorney fees. *Inclusion, Inc. v. Idaho Dep't of Health & Welfare*, 161 Idaho 239, 241, 385 P.3d 1, 3 (2016). This is because in these type of arrangements where attorneys do not expect to receive payment from their clients, the possibility of receiving an award of attorney fees serves as an important incentive for attorneys to do pro bono work. *See id*. at 242, 385 P.3d at 4 (J. Jones concurring). As such, "[t]o eliminate the possibility for an attorney to receive a fee award where no payment will be forthcoming from the client would be a disservice to the pro bono effort." [3] *Id.*

Black's attorney's declaration that accompanied his motion for attorney fees stated that he was initially "engaged in this matter to represent Defendant on a standard fee basis." However, when the costs of defending the protracted litigation became unsustainable for Black and the mounting attorney fees initially sought by Action Collection tallied in excess of $45,000.00, Black's attorney's representation "essentially became a contingent defense arrangement [which] amounted to a life preserver for [Black's] financial well-being." Black's attorney attested he "relied heavily" on his assessment that an award of attorney fees would be forthcoming due to numerous potentially applicable fee shifting statutes and case law supporting attorney fee awards for pro bono representation. He further attested that due to the magnitude of the claims Action Collection asserted, without such an arrangement, Black "would likely have faced bankruptcy and financial ruin."

In its explanation of the award of attorney fees, regarding Black's attorney's contention, the district court found Black's attorney "was forced to work on a 'contingent' fee basis makes little sense in this case . . . . The court is not aware of, nor has it been cited to Idaho case law awarding or considering a contingent fee based on the result of defending against a claim." The district court did not recognize that although the term "contingent fee" was used, the type of

---

[3] The district court did not have the benefit of the opinion in *Burns Concrete, Inc. v. Teton Cty.*, 168 Idaho 442, 483 P.3d 985 (2020) when it entered its order on August 27, 2019, but it did have ability to review *Inclusion, Inc. v. Idaho Dep't of Health & Welfare*, 161 Idaho 239, 242, 385 P.3d 1, 4 (2016).

representation was essentially pro bono, but with the hope of attorney compensation under the fee statutes and rules. Additionally, the district court did not make a finding that the contingent nature of the fee agreement was unreasonable; the court only found that such an agreement did not make sense to the court because it was not aware of or had been cited to Idaho case law on the issue. In light of the relevant case law existing at the time, the district court's explanation as to its reason for connecting the fee arrangement to its $4,000.00 award of attorney fees fails to demonstrate it exercised reason in reaching its decision.

### 4. Prevailing Charges for Like Work

The district court determined that an analysis of the prevailing charges for like work, pursuant to I.R.C.P. 54(e)(3)(D) supported the reduction in the award of attorney fees. In determining the reasonableness of an hourly rate, a trial court should consider the legal experience of the attorney, *Smith*, 166 Idaho at 702, 462 P.3d at 1166, and the prevailing charges for attorneys in the relevant geographic area. *Lettunich*, 145 Idaho at 750-51, 185 P.3d at 262-63. In making this assessment, a trial court should assess the geographic area in which it would be reasonable for a party to obtain counsel. *Id.* "Judicial Districts were drawn in order to facilitate court administration, not to provide a factor for determining a reasonable attorney fee," thus, the pertinent geographic area may encompass multiple judicial districts. *Id.* As evidence of the prevailing rate, a trial court may look to an attorney's sworn affidavit. *See Post Falls Trailer Park v. Fredekind*, 131 Idaho 634, 638, 962 P.2d 1018, 1022 (1998) (holding attorney presented evidence of "prevailing charges for like work" in sworn affidavit which stated that his rates are "competitive for like work").

Here, the district court stated that Black's attorney's claimed billing rate was $300.00 per hour, but indicated it had "no information on the going rate for litigators in the Third District in general" and "never previously" had a claim "for such a high hourly rate" in the district. Ultimately, the district court found that Black's attorney "made no attempt to establish that $300 per hour that he has claimed is the prevailing fee ordinarily charged in the Third District of the State of Idaho in defending against a collection action of the type before the court" in its explanation of the $4,000.00 award of attorney fees. This conclusion was not reached through an exercise of reason.

First, the prevailing rate for attorneys in the Third Judicial District is not the standard by which the district court should have assessed the reasonableness of Black's attorney's rate.

Instead, the trial court should assess the prevailing rate for attorneys in the geographic area in which it would be reasonable for a party to obtain counsel, which may encompass multiple judicial districts. *Lettunich*, 145 Idaho at 750-51, 185 P.3d at 262-63. The district court did not find it was unreasonable for Black to obtain representation from Boise in this case and in fact, many attorneys practice both in Boise and Caldwell. *See id.* at 751, 185 P. 3d at 263 ("Attorneys routinely practice law in more than one judicial district.").

Second, the district court's finding that Black's counsel provided no information to support his rate ignored the evidence presented in Black's attorney's declaration.[4] Therein, Black's attorney stated that he had practiced law for nearly thirty years, "utilizes the billing rate of $300 per hour rate based upon his level of experience and the prevalent billing rate for litigation of this nature," and the fees he claimed were "normal, reasonable, and customary" for an attorney with over twenty years of experience in the Boise market. The district court did not find the $300.00 hourly rate to be inconsistent with rates in the Boise area or facially unreasonable. Indeed, the Idaho Supreme Court recently held an hourly fee of $400.00 per hour was not facially unreasonable for experienced counsel in the Boise area. *See Smith*, 166 Idaho at 702, 462 P.3d at 1166. Moreover, Black's attorney's rate was not necessarily unreasonable just because Action Collection billed its client at a lower hourly rate. *See Radford v. Van Orden*, 168 Idaho 287, 307, 483 P.3d 344, 364 (2021) (holding that plaintiff's attorney charged reasonable hourly rate, even though defendant's attorney charged a lesser rate). Thus, the district court's analysis of whether $300.00 per hour was reasonable in light of the prevailing rate in the Third District was inconsistent with applicable case law and ignored the evidence presented in Black's attorney's declaration and consequently, was not reached by an exercise of reason.

**5.     Analysis of Other Factors to Consider**

The district court reduced the amount of the attorney fees because of the type of claim at issue in the case and because the court found Black pursued an unsuccessful counterclaim against

---

[4]     Idaho Rule of Civil Procedure 54(d)(4) requires the party seeking costs after a verdict or a decision of the court to file and serve on adverse parties a memorandum of costs, itemizing each claimed expense. Such a memorandum should take the form of a declaration, pursuant to I.R.C.P. 2.7 (incorporating Idaho Code § 9-1406, which provides that an unsworn certification or declaration is equivalent to an affidavit sworn, under oath) and I.C. § 9-1406. The memorandum may also be accompanied by a separate declaration or affidavit. *Lola L. Cazier Revocable Tr. v. Cazier*, 167 Idaho 109, 118-19, 468 P.3d 239, 248-49 (2020).

18

Action Collection. We are not persuaded that consideration of these other factors demonstrated the district court's decision to order a $4,000.00 attorney fee award was reached through an exercise of reason.

As discussed above, the district court's analysis of Black's success on her counterclaims was flawed. Similarly flawed is the district court's decision to reduce the attorney fee request based on the "type of case" at issue--a relatively small collection claim. The genesis of this case was that Action Collection attempted to subject Black to a collection action for an alleged debt that she was never legally obligated to pay. The district court's analysis creates a strong disincentive for parties, and in turn attorneys, to challenge similarly illegal collection actions, participate in pro bono representation, or otherwise represent parties with limited means in unpopular types of cases. A review of the record shows each time the district court entered judgment against Black, on appeal, that order was vacated and the case remanded. Following the most recent remand for the district court to articulate its reasons for the reduced attorney fees award, this case was more than ten years old, resulted in three previous appeals, and was heavily contested by both parties. As a result, we are not convinced that the superficial assessment of the "type of case" at issue adequately considered the nature of the case or the zealous pursuit of the alleged amount owed. Taken together, the district court's decision to award $4,000.00 in attorney fees was not reached by an exercise of reason and, thus, was an abuse of discretion.

This case has spanned nearly fifteen years, and the district court had two prior opportunities to enter an award for attorney fees and to explain its reasoning for the award, but each time, the court failed to adequately do so. The district court made no explicit finding that the 207.3 hours billed by Black's attorney was unreasonable. Action Collection similarly does not challenge as unreasonable any of the hours Black's attorney spent after he filed a formal notice of appearance. Action Collection does not challenge Black's attorney's factual assertion (or the district court's factual finding) that Black's attorney spent approximately forty hours working on the case prior to entering the notice of appearance. The district court did not explicitly find the $300.00 hourly rate billed by Black's attorney was unreasonable. Similarly, Action Collection does not challenge the $300.00 hourly rate as unreasonable, but notes only that it bills its client--a State agency--a lesser hourly rate.

Without specific objections by Action Collection to the hours spent or the hourly rate, and without any specific findings by the district court that the hourly rate or amount of time was

19

unreasonable, this Court is left with no challenges to or findings of unreasonableness either to the hourly rate charged or the amount of hours accrued by Black's attorney. Generally speaking, this Court will remand a case after finding the district court abused its discretion. However, in light of the long procedural history of this case, the district court's failure to provide sufficient reasoning following remand in Docket No. 46116, and given the opinion in *Inclusion*, we vacate the district court's order on attorney fees and grant Black her requested attorney fees in the amount of $62,190.00. We remand this case for entry of judgment. *See Inclusion, Inc.*, 161 Idaho at 242, 385 P.3d at 4 (holding district court abused its discretion in reducing attorney fees, adopting finding that hours and billing rate were reasonable and granting requested attorney fee award in full).

**B.      Black is Not Awarded Attorney Fees on Appeal**

In her conclusion of her opening brief, Black requests "costs and fees incurred for this appeal." However, Black does not present any substantive argument in support of her request. This Court will not consider issues on appeal, including a request for attorney fees, which are not supported by propositions of law, authority, or argument. *Bingham v. Montane Resource Assocs.*, 133 Idaho 420, 427, 987 P.2d 1035, 1042 (1999). Therefore, Black is not entitled to attorney fees on appeal. Costs are awarded to Black pursuant to Idaho Appellate Rule 40.

**IV.**

**CONCLUSION**

The district court abused its discretion in its award of attorney fees. Accordingly, we vacate the judgment awarding attorney fees and award Black attorney fees in the amount of $62,190.00. The case is remanded for entry of judgment consistent with this opinion. Costs are awarded to Black on appeal.

Judge GRATTON and Judge BRAILSFIORD **CONCUR**.